## HENLY v. OKLAHOMA UNION R. CO. et al.

No. 1146—Opinion Filed Feb. 15, 1921.

Rehearing Denied May 3, 1921.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Surgical Attention — Order Requiring Claimant to Submit to Major Operation.**
Section 7, Sess. Laws 1919, ch. 14, provides: "The employer shall promptly provide for an injured employe such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus as may be necessary, during sixty days after the injury or for such time in excess thereof as in the judgment of the commission may be required. If the employer fails to provide the same, the injured employe may do so at the expense of the employer. The employe shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so." Held, said section is for the benefit of the injured employe, providing for him proper medical and surgical treatment at the expense of the employer in addition to the compensation provided for in said act resulting from injuries arising in the course of his employment; and that under the provisions of section 7, supra, the State Industrial Commission is without jurisdiction to order the injured employe to submit to a major operation involving a risk of life, however, slight, in order that the pecuniary

obligations created by the law in his favor against his employe may be minimized.

### 2. Same—Liberal Construction of Statutes.

The Workmen's Compensation Laws of this state deprive the injured employe of the right of action in the court of the state to recover damages for injury received, and provide a limited amount of compensation during disability, and said laws were adopted with the view of enabling employer and employe to settle their differences without litigation, and to enable each employe not guilty of willful misconduct, to receive quickly a reasonable recompense for the injuries accidentally received in the course of his employment, under certain fixed rules. These laws must be liberally construed in favor of the injured employe.

### 3. Same—Award of Industrial Commission —Power to Impose Conditions—Surgical Operation.

An award of the State Industrial Commission, in case of injuries resulting in hernia, requiring claimant to undergo an operation or forfeit his right to compensation, is error. The rule is that the Industrial Commission must award compensation as provided for by law for the disability of an injured employe as it exists at the time of making the award, and the commission is without jurisdiction to impose upon the injured employe the option of submitting to a major operation or forfeiting his right to compensation.

Appeal by J. H. Henley, claimant, from an award of compensation made by the State Industrial Commission ordering claimant to submit to an operation for hernia or forfeit his right to compensation for disabilities caused by injuries received in the course of his employment. Reversed and remanded, with instructions.

J. M. Springer and E. G. Wilson, for petitioner.

Abernathy & Howell and S. P. Freeling, Atty. Gen., for respondents.

KENNAMER, J. This matter is before the court upon a petition filed by J. H. Henley, claimant, to review an award made by the State Industrial Commission on the 3rd day of May, 1920, which is as follows:

"Now, on this 3rd day of May, 1920, the above cause coming on to be heard pursuant to legal notice given and the commission having examined all reports on file, and being well and sufficiently advised in the premises, finds: That the claimant while in the employ of the respondent and in the course of his employment was injured March 13, 1920, and as a result of said injury developed a hernia, and that it would be to his best interest to receive an operation for said injury.

"The commission further finds that he is entitled to an operation and compensation

for four weeks at the rate of $14.58 per week, being a total sum of $58.32.

"It is ordered: That within ten days from this date the Aetna Life Insurance Company, or the Oklahoma Union Railway Company pay to the above claimant compensation computed from March 13, 1920, at the rate of $14.58 per week, continuing until termination of disability; unless within ten days from this date the respondent will notify the claimant and the commission of its willingness to pay for the operation. In such event claimant shall in ten days thereafter notify the insurance carrier or respondent and the Industrial Commission of its willingness to accept said operation.

"It is further ordered: If the claimant agrees to accept said operation, the insurance carrier or respondent shall make all necessary arrangements for claimant to receive said operation and pay all cost incident thereto, including the hospital, surgical, nurse, cost of medicine and other expenses incident thereto, and the traveling expenses of the claimant from his home to the place where said operation will be performed, said operation to be performed within 30 days after the claimant agrees to accept same unless additional time is agreed upon by the parties thereto.

"It is further ordered: That in the event said operation is accepted that upon its performance the respondent pay to the claimant four weeks' compensation at the rate of $14.58, being a total sum of $58.32. If said operation is refused by claimant the respondent's liability shall cease upon payment of four weeks' compensation."

The award found that the claimant had developed a hernia as a result of an accident occurring in the course of his employment, and gave him the alternative of an operation or accepting $58.32, four weeks' compensation, and in the event the claimant failed or refused to submit to the operation as ordered by the commission, further compensation, irrespective of the condition of the claimant, was denied.

Section 7, ch. 14, Session Laws 1919, provides:

"The employer shall promptly provide for an injured employe such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus as may be necessary during sixty days after the injury or for such time in excess thereof as in the judgment of the commission may be required. If the employer fails to provide the same, the injured employe may do so at the expense of the employer. The employe shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so."

It is apparent that the State Industrial Commission has misconstrued section 7, supra, in that they have exercised jurisdiction to order the claimant herein to submit to a major operation under penalty, in case of his failure to comply with the order, of forfeiting his right to compensation. A careful reading of the section 7, supra, fails to disclose the authority for the commission directing the injured employe to submit to a major operation under penalty of forfeiting his right to compensation. Section 7, supra, of said act provides for the injured employe proper medical and surgical treatment at the expense of the employer; and the treatment provided for is in addition to the compensation provided for under the Workmen's Compensation Act of 1919, during disability; but nowhere in said act is the commission authorized to require the injured employe to submit to a serious operation involving a risk of life, however slight, in order that the pecuniary obligation created by the law in his favor may be minimized. The award in the case at bar presupposes that the operation would be successful and that the claimant would be cured. This is in excess of the commission's authority. The respondents in their brief contend that an operation for hernia is not regarded as a dangerous or serious operation, but is a comparatively slight inconvenience and results in a permanent cure. The record in the present cause does not disclose the kind of hernia the claimant was afflicted with but we cannot agree with the contention that an ordinary operation for hernia is to be regarded as a slight inconvenience, and we know of no medical authority or reputable physician that would class an operation for hernia as a minor operation. On the other hand, ordinary hernia requires the administration of an anesthetic and an incision of the abdominal wall, and in some instances it proves fatal. The rule appears to be supported by the overwhelming weight of authority that no man shall be compelled to take a risk of death, however slight, in order that the pecuniary obligation created by law in his favor against his employer may be minimized. Tutton v. Steamship Majestic, L. J. 1909 Reports (N. S.) vol. 78, K. B. p. 530; Blate v. Third Ave. R. Co., 44 App. Div. 163, 60 N. Y. Supp. 732; McNally v. Hudson & M. R. Co., 87 N. J. Law, 455; Donovan et al. v. New Orleans Ry. & Light Co. (La.) 61 South. 216; see note 48 L. R. A. (N. S.) 110; McNamara v. Metropolitan Street Ry. Co. (Mo. App.) 114 S. W. 50; Guild v. Portland Ry., Light & Power Co. (Ore.) 131 Pac. 310; Jendrus v. Detroit Steel Products Co. et al. (Mich.) 144 N. W. 563.

In the case of McNally v. Hudson & Manhattan Ry. Co., 87 N. J. Law, 455, supra, the Supreme Court of New Jersey, in considering a case almost identical with the case at bar, said:

"The consensus of opinion of the medical witnesses is that the operation is a major one accompanied with some peril to life. Although the peril to life seems to be very slight, forty-eight chances in twenty-three thousand, nevertheless the idea is appalling to one's conscience that a human being should be compelled to take a risk of death, however slight that may be, in order that the pecuniary obligation created by the law in his favor against his employer may be minimized. The English cases, cited by counsel for defendant, do not lay down any such doctrine. * * * We think the sound rule on the subject to be as stated by Lord McLaren, in Donley v. Baird (1908), Scotch Cas. (on page 536), which is as follows: 'In view of the great diversity of cases raising this question, I can see no general principle except this, that if the operation is not attended with danger to life and health, or extraordinary suffering, and if, according to the best medical or surgical opinion, the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he must either submit to the operation or release his employers from the obligation to maintain him.' It cannot, however, be properly said that where it appears, as it does in the present case, that a risk of life is involved, that the refusal of the prosecutor to submit to an operation is unreasonable. There was, therefore, no basis for the order made by the trial judge that the prosecutor should submit to an operation. The compensation adjudged by the court is a weekly compensation. In the event that the prosecutor chooses to submit to an operation and recovers, the defendant can petition the trial court to reduce the compensation or stop it if the proper number of weeks have elapsed for which compensation should have been made."

In the case of McNamara v. Metropolitan Street Ry. Co. (Mo. App.) 114 S. W. 50, supra, the court said:

"We do not think plaintiff should be criticized and punished on account of his failure to undergo a surgical operation. He should be accorded the right to choose between suffering from the disease all his life or taking the risk of an unsuccessful outcome of a serious surgical operation. Certainly, defendant, whose negligence produced the unfortunate condition, is in no position to compel plaintiff again to risk his life in order that the damages may be lessened. To give heed to such contention would be to carry to an absurd extreme the rule which requires a person damaged by the wrong of another to do all that reasonably may be done to minimize his damages."

The Workmen's Compensation Laws of this state abolish the right of the injured

employe to maintain an action for damages in the court, and vest the State Industrial Commission with jurisdiction to award compensation for injuries sustained by the employe in the course of his employment at a fixed rate prescribed by the statute, which amount is 50 per cent. of the average weekly earning, during the disability or partial disability of the injured employe until the maximum amount prescribed by the act has been paid. In view of the fact that the law has abolished the right of action of the injured employe to recover damages for his injuries, the law should be liberally and fairly construed in favor of the injured employe, and in making an award the Industrial Commission has no authority to impose any condition upon the injured employe not authorized by law.

That part of the award, in the case at bar, directing the claimant to submit to an operation or forfeit his right to compensation is unauthorized and beyond the jurisdiction of the commission, and the award herein made is reversed and remanded, with directions that the claimant be allowed compensation during disability as prescribed by law.

All the Justices concur. except MILLER, J., absent and not participating.