## ONE BUICK AUTOMOBILE et al. v. STATE.

No. 10543—Opinion Filed March 7, 1922.

(Syllabus.)

### Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.

Where the defendants in error fail to file a brief, and have not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears reasonably to sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

Error from County Court, Kay County; H. S. Burke, Judge.

Proceedings by the State to confiscate one Buick Automobile; the owner and mortgagee intervening. From order overruling pleas of intervention. the interveners bring error. Reversed and remanded.

James Q. Louthan, for plaintiffs in error.

C. L. Pinkham, for defendant in error.

ELTING, J. On November 7, 1918, the defendant in error, state of Oklahoma, by the county attorney of Kay county, Okla., filed a complaint and petition in the county court aforesaid alleging that one Buick automobile had been taken by the sheriff while being used by one Horace Cassidy for the transportation of whisky, and praying for an order declaring the said automobile confiscated. J. L. Barrett filed a plea of intervention in said action, stating that he was the owner and entitled to immediate possession of said automobile, and stating that said automobile was temporarily out of the possession of the said intervener at the time the same was seized by the sheriff of Kay county, and that if said car was being used for the purpose of transporting intoxicating liquors, such use was without either the knowledge or consent of the intervener, and asked for restoration of said automobile to the intervener. On the same day the Oklahoma State Bank, a corporation, of Ponca City, Okla., intervened also, claiming a special interest in said automobile by virtue of a chattel mortgage given to them by the intervener, J. L. Barrett, and setting up their innocence and lack of knowledge of any unlawful use of said car and praying for possession.

To each and both of the above pleas of intervention the state of Oklahoma filed a demurrer on the ground that the relief sought by them was not such that the law would countenance and their claims being such that the law would not recognize. The demurrers were sustained by the court, and the interpleaders elected to stand upon their pleas, filed motions for a new trial, the same were overruled, and appeal is lodged in this court.

The plaintiffs in error have filed a petition in error in this court supported by a case-made. They have also, through their attorneys, filed a brief in support of their assignments of error. The defendant in error, the state of Oklahoma, has failed to file a brief, and has failed to offer any excuse for such failure. The plaintiffs in error have filed a complete record in the Supreme Court and a brief in compliance with the rules of the court. This court is not required to search the record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error. See Massa-

chusetts Bonding & Ins. Co. v. Lewis, 80 Okla. 187, 195 Pac. 494, and the authorities cited in said case, where the above and well-known rule is stated'; the contention of the plaintiffs in error being that their pleas set forth a well-grounded cause of action, and that they were entitled to recover upon proof of their allegations.

The rule is set forth in the case of Rouse v. State et al., 81 Okla. 224, 195 Pac. 498, the syllabus of which reads as follows:

"The unlawful use of a vehicle to convey intoxicating liquors by one in possession of such vehicle and using same does not forfeit the right of the owner to claim and retain such vehicle when it appears that same was so unlawfully used without the consent, fault, or knowledge of the owner."

To the same effect are One Hudson Super-Six Automobile v. State, 77 Okla. 130, 187 Pac. 806, and Peavler et al. v. State, 79 Okla. 308, 193 Pac. 623.

We have examined the brief of the plaintiffs in error, and find that the same reasonably sustains their assignments.

This cause is, therefore, reversed and remanded for a new trial.

HARRISON, C. J., PITCHFORD, V. C. J., and McNEILL and NICHOLSON, JJ., concur.