## MORAN v. OKLAHOMA ENGINEERING & MACHINE & BOILER CO. et al.

No. 13540—Opinion Filed April 24, 1923.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation Law—Temporary Total Disability.**

Subdivision 2 of section 7290, Compiled Laws 1921, provides as follows: In case of temporary total disability, compensation shall be paid to the employe during the continuance thereof, not to exceed 300 weeks.

2. **Same—Discontinuance of Compensation.**

There is no specific provision of the Workmen's Compensation law authorizing the Industrial Commission to discontinue compensation, during the continuance of disability, upon any ground short of the statutory period.

3. **Same—Duty of Workman to Avail Himself of Remedies.**

The statutory obligation of the employer to pay compensation during the continuance of the disability is subject to the implied condition that the workman shall avail himself of such reasonable remedial measures as are within his power.

4. **Same—Refusal to Undergo Necessary Operation.**

Where the workman unreasonably refuses to undergo a minor operation, simple, safe, and reasonably certain to effect a cure, the continuing disability results, not from the injury, but from his own willful act.

5. **Same—Reasonableness of Refusal—Burden of Proof.**

Whether or not the refusal of an employe to submit to operation and treatment, is unreasonable is a fact which the employer must establish and the commission must find in order to stop his allowance and they must find further, that the treatment would have relieved the trouble, and thus benefited the employer.

6. **Same—Cause of Continuing Disability—Evidence and Findings.**

Neither the evidence taken nor the findings of fact of the commission warrant the

assumption that the continuing disability of the claimant was the result. not of his injury. but of his unreasonable refusal to submit to a simple operation.

### 7. Same—Order of Discontinuance of Compensation—Reversal.

For the reasons stated, the order appealed from is reversed. and the cause remanded with directions to set aside the order discontinuing the award of compensation.

Appeal from State Industrial Commission.

Action by Edward Moran against the Oklahoma Engineering & Machine & Boiler Company, the United States Fidelity & Guaranty Company, and the State Industrial Commission to reverse an order of the Commission discontinuing an award of workman's compensation. Order reversed, and cause remanded, with directions.

Linn A. Horton, S. A. Horton, and Whipperman & Whipperman, for the petitioner.

Urey Howard, Ross & Thurman, and J. Fred Swanson, for respondent and insurance carrier.

KANE, J. This is an appeal from the action of the State Industrial Commission in discontinuing an award for compensation formerly made in favor of the plaintiff.

The record discloses that while the plaintiff was in the employ of the defendant, the Oklahoma Engineering & Machine & Boiler Company, as a workman, he received a severe injury, for which compensation was awarded at the rate of $18 per week until the termination of his disability.

Thereafter the defendant, the United States Fidelity & Guaranty Company, the insurance carrier, filed a written motion before the State Industrial Commission, reciting that it had paid the injured workman his compensation up to and including a certain date, and requested the commission to make an order requiring the plaintiff to submit to a physical examination for the purpose of determining whether or not his disability had ceased. Pursuant to said motion and showing, the commission ordered the plaintiff to be examined by Dr. A. L. Blesh and Dr. Buchanan of Oklahoma City. The doctors discovered that the plaintiff, as the result of his injury, was still suffering from an ununited fracture of the sixth rib, and expressed the opinion that the injury was not necessarily permanent; that the

patient's recovery depended upon either securing union of the ununited fracture, or resection of the involved rib so as to break contact with the broken ends; that the simple operation of immobilization would probably effect a cure within three months, and if this was not successful, then the more serious "open operation" should be performed.

Thereupon the commission found that the plaintiff was still unable to perform his usual duties, and ordered him to enter a local hospital for treatment by immobilization for the period of three months as recommended by the surgeons, at the expense of the insurance carrier.

The order discontinuing compensation, which is the only finding made in this proceeding, is in words and figures as follows:

"That the insurance carrier agreed to furnish such medical treatment as was necessary, and claimant agreed to accept the treatment of Dr. Blesh. And it further appearing that the claimant appeared in the office of the commission on May 18, 1922, and was taken to the hospital and provisions were made for his care, but that he voluntarily, without cause. left the hospital, returned to his home in Muskogee, and notified the commission that it was impossible for him to submit to the treatment of Dr. Blesh.

"It is therefore the opinion of the commission that the compensation should be discontinued from May 18, 1922.

"It is therefore ordered that the compensation in the above cause be and is hereby discontinued as of May 18, 1922."

May 18, 1922, it will be observed, is the date the plaintiff was ordered to enter the hospital for treatment. and as he was still unable to return to work. it is apparent that his compensation was discontinued from that date solely upon the ground stated in the order, that he voluntarily left the hospital and returned to his home in Muskogee and notified the commission that it was impossible for him to submit to the treatment recommended by Dr. Blesh.

We think that in the circumstances disclosed by the record the order discontinuing compensation upon the ground stated was clearly erroneous.

If we concede that the operation of immobilization involved little danger or suf-

tering, still we are unable to find any provision in the compensation law conferring authority upon the Industrial Commission to discontinue compensation solely upon the ground that the claimant refused to submit to an operation.

The statute, subdivision 2 of section 7290, Compiled Laws 1921, provides as follows:

"In case of temporary total disability, compensation shall be paid to the employe during the continuance thereof, not to exceed three hundred weeks."

There is no specific provision of the Workmen's Compensation Law authorizing the Industrial Commission to discontinue compensation, during the continuance of disability, upon any ground short of the statutory period.

There is authority to the effect that:

"Where the claimant under the Workmen's Compensation act unreasonably refuses to undergo a safe and simple surgical operation which is fairly certain to result in a removal of the disability and is not attended with serious risk or pain, and is such as an ordinary prudent and courageous person would submit to for his own benefit and comfort, no question of compensation being involved, the disability which the claimant suffers thereafter, a reasonable time being allowed for recovery, is not proximately caused by the accident, but is the direct result of such unreasonable refusal." Lesh v. Illinois Steel Company (Wis.) 157 N. W. 539.

This ruling is based upon the theory that the statutory obligation of the employer to pay compensation during the continuance of the disability is subject to the implied condition that the workman shall avail himself of such reasonable remedial measures as are within his power.

Under this rule it is held that where the workman unreasonably refuses to undergo a minor operation, simple, safe, and reasonably certain to effect a cure, the continuing disability results, not from the injury, but from his own willful act.

Neither the evidence nor the findings of fact of the commission take this proceeding within the operation of the rule just announced. The recommendation of the doctors was that a three-months' treatment by immobilization in a hospital be tried, and if this was not successful, the more serious "open operation" would be necessary to remove the disability. Obviously the simple operation of immobilization recommended by the doctors was merely an experiment. There was no such assurance that this op-

eration would work a cure as would justify the Industrial Commission in discontinuing the compensation from the date the order was made requiring the claimant to go to the hospital. At least a reasonable time for recovery should have been allowed before compensation was discontinued. Dr. Blesh expressed the opinion that if the operation by immobilization was successful at all, it would take at least three months from the date of the examination to work a cure. Surely the compensation should not have been cut off until after this reasonable time for recovery had expired.

The burden of proof was upon the employer to establish all facts which would be necessary to warrant the order of the commission discontinuing compensation. Marshall v. Orient Steam Navigation Company, Limited, 1 K. B. D. (1910) 79.

Whether or not the refusal of an employe to submit to operation and treatment is unreasonable is a fact which the employer must establish, and the commission find in order to stop his allowance, and they must find further that the treatment would have relieved the trouble, and thus benefited the employer. Strong v. Souken-Galamha Iron & Metal Co. (Kan.) 198 Pac. 182.

Neither the evidence taken nor the findings of fact of the commission warrant the assumption that the continuing disability of the claimant was the result, not of his injury, but of his unreasonable refusal to submit to a simple operation.

For the reasons stated, the order appealed from is reversed, and the cause remanded, with directions to set aside the order discontinuing the award of compensation.

JOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.