## CARL B. KING DRILLING CO. et al.
## v. MASSENBURG et al.

No. 22597.   Opinion Filed Jan. 26, 1932.

Roy V. Lewis and Miley, Hoffman, Williams & France, for petitioners.

Cooke & Jackson, G. G. McBride, and A. L. Jeffrey, for respondent Robert Massenburg.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CULLISON, J.   This is a proceeding in the Supreme Court to review an award of the State Industrial Commission rendered on June 30, 1931, in favor of Robert Massenburg.   The findings of fact in said award are as follows:

"(1)   That, on the 17th day of January, 1931, the claimant was in the employment of said respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury arising out of and in the course of his employment, consisting of an injury to the right arm.

"(2)   That the average daily wage of the claimant at the time of the said accidental injury was $8 per day.

"(3)   That by reason of said injury the claimant was temporarily totally disabled from January 17, 1931, to April 30, 1931, or for a total of 14 weeks beyond the five days waiting period, for which he has been paid compensation at the rate of $18 per week, or the total sum of $252.

"(4)   That by reason of said accidental injury, the claimant has sustained a permanent total loss of the use of the right arm."

Upon the findings of fact as outlined, the Commission awarded claimant compensation for the total loss of use of his right arm, and from said award of the Commission petitioners proceed in this court and urge:

"It was error to award compensation for the total loss of use of the arm in view of claimant's refusal to accept corrective treatment."

The record discloses that claimant while in the employ of petitioner received an accidental injury resulting in dislocation of his shoulder and the tearing of certain ligaments in the shoulder joint.   At the time of the hearing the physicians testified it was their opinion that said disability might be eliminated by the performance of a surgical operation upon the arm and shoulder of claimant.   They also testified that said operation would be a major operation.

The facts, as just outlined, when considered with the assignment of error, urged by petitioner, brings this case squarely within the rule heretofore announced by this court.   This court has had before it the question of compelling a claimant to submit to an operation and has held that it depends upon the nature of the operation as to whether or not the claimant would be compelled to submit to the operation.

In the case of Consolidated Lead & Zinc Co. v. State Industrial Commission, 147 Okla. 83, 295 P. 210, this court had the same question under consideration, and in the body of the opinion held as follows:

" 'Where the workmen unreasonably refused to undergo a minor operation, simple, safe, and reasonably certain to effect a cure, the continuing disability results not from the injury, but from his own willful act'.

"That is, no doubt, the true rule in those cases wherein the disability sought to be cured necessitates only a minor operation, simple, safe, and reasonably certain to effect a cure.

"Equally true is the rule announced in Henly v. Okla. Union Railway Co., 81 Okla. 224, 197 P. 488, 489, 18 A. L. R. 427, holding that the Industrial Commission has no authority to compel an employee to submit to a major operation where there is a risk of life involved in the 'slightest degree.'   In the body of the opinion, the court said:

" 'The rule appears to be supported by the overwhelming weight of authority that no man shall be compelled to take a risk of death, however slight, in order that the pecuniary obligation created by law in his

favor against his employer may be minimized.' Citing Tutton v. Steamship Majestic, L. J. 1909 Reports (N. S.) vol. 78 K. B. p. 530; Blate v. Third Ave. R. Co., 44 App. Div. 163, 60 N. Y. S. 732; McNally v. Hudson & M. R. Co., 87 N. J. Law, 455, 95 A. 122; Donovan v. New Orleans Ry. & Light Co., 132 La. 239, 61 So. 216. See note 48 L. R. A. (N. S.) 110; McNamara v. Metro. Street Ry. Co., 133 Mo. App. 645, 114 S. W. 50; Guild v. Portland Ry., Light & Power Co., 64 Or. 570, 131 P. 310; Jendrus v. Detroit Steel Products Co., 178 Mich. 265, 144 N. W. 563, L. R. A. 1916A, 381, Ann. Cas. 1915D, 476.

"The reason for the rule is well stated by the Missouri court in McNamara v. Metropolitan Street Ry. Co., supra, quoted with approval by this court in Henly v. Okla. Union R. Co., supra, wherein the Supreme Court of Missouri said:

" 'We do not think plaintiff should be criticized and punished on account of his failure to undergo a surgical operation. He should be accorded the right to choose between suffering from the disease all his life or taking the risk of an unsuccessful outcome of a serious surgical operation. Certainly, defendant, whose negligence produced the unfortunate condition, is in no position to compel plaintiff again to risk his life in order that the damages may be lessened. To give heed to such contention would be to carry to an absurd extreme the rule which requires a person damaged by the wrong of another to do all that reasonably may be done to minimize his damages'."

See, also, Indian Territory Illuminating Oil Co. v. Bates, 151 Okla. 38, 1 P. (2d) 750.

Under the holdings just announced, this court holds the rule to be that the Commission has no authority to compel an employee to submit to a major operation where there is a risk of life involved in the "slightest degree."

In the case at bar it is agreed that the operation would be a major operation. It appears that the court will leave the question up to the claimant so that he may choose between suffering from disease for all of his life or taking the risk of a surgical operation in order to lessen said disability.

In the case at bar the operation recommended is a major operation. The claimant refused to accept such an operation.

Under the holding of this court, the Commission could not compel him to submit to said operation in order to lessen his disability. And since the Commission could not compel claimant to submit to said operation, the Commission rightfully held that the claimant was totally disabled and ordered compensation paid for the period of time ordered or until change of condition of claimant's injury.

We do not consider petitioners' contentions of sufficient merit to warrant a reversal of this court's holdings in similar cases heretofore presented and decided by this court.

After a full and careful consideration of the record and authorities presented in said cause, we hold that the petition to vacate should be denied and that the award of the Commission be affirmed, subject to review upon change of condition of the claimant.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.