## WHITEHURST at al. v. AUTERSON et al.

No. 23401. Opinion Filed April 11, 1933.

Rittenhouse, Webster & Rittenhouse, for petitioners.

Irby & Carver, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

OSBORN, J. This is an original proceeding in this court to review an award by the Industrial Commission in favor of claimant, C. W. Auterson, against John W. Whitehurst and the Great American Indemnity Company.

The record shows that claimant, on December 8, 1930, while in the employ of petitioner, Whitehurst, in an oil refinery, suffered injury by a severe sprain in the back which involved some nerves and caused partial paralysis of the left thigh, leg and foot; that on February 10, 1932, the Industrial Commission entered its order finding that claimant is suffering from a partial permanent disability and awarded compensation on the basis of two-thirds of the difference between his previous wages of $4 per day and $1 per day, his present earning capacity, at the rate of $11.54 per week, during the continuance of his partial disability, not to exceed 300 weeks.

During the course of the proceedings the respondent tendered treatment to claimant, which was refused, and in this connection the Commission made the following finding:

"That the respondent and insurance carrier tendered further treatment to the claimant by way of heat, light, and massage, which claimant refused upon the contrary advice of reputable physicians in good faith and was not bound to accept such treatments, and that the proof is insufficient to justify a finding that such treatments could have been of any value or would have reduced his disability, and shows that such treatment was in fact a detriment to claimant."

Petitioners herein assign such finding as error. In this connection a number of doctors testified that heat, light, and massage were the usual and customary treatments for injuries of this nature. It is further shown that immediately after the injury claimant was removed to Grand Avenue Hospital at Ponca City and was placed under the treatment of Dr. W. N. McClurkin, who gave him the treatments of heat, light, and massages continuously at the rate of two or three treatments each week until April 15, 1931; that the treatments were of no benefit to claimant, but on the contrary they caused such pain and suffering that the attending physician was forced to give him injections of morphine, and morphine sulphate in the mouth, to relieve the pain caused by the treatments. The attending physician testified, in effect, that the treatments were discontinued when it became evident that they tended to aggravate his condition instead of furnishing any relief.

Other physicians testified, in effect, that this was the usual and customary treatment, and that the result should be to reduce claimant's disability. It was not shown that the treatments should reasonably effect a complete cure.

In the case of United Rendering Co. v. Lewis, 154 Okla. 153, 7 P. (2d) 149, it is said:

"The question of whether or not the respondent refused to avail himself of reasonable remedial measures, as well as the question of whether or not the refusal of respondent to submit to a tendered surgical operation is unreasonable, are questions of fact to be determined by the Commission from all the facts and circumstances appearing at the trial, including the testimony of respondent, as well as those of medical experts, and is binding upon this court like the determination of any other fact, if there is competent evidence reasonably tending to support the same."

See, also, Consolidated Lead & Zinc Co. v. State Industrial Commission, 147 Okla. 83, 295 P. 210; Moran v. Oklahoma Engineering and Machine and Boiler Co., 89 Okla. 185, 214 P. 913.

The above cases also hold that the burden of proof is upon the employer to show that the treatment tendered to claimant is simple, safe, and reasonably certain to effect a cure.

In consideration of the evidence herein, in the light of these well-established rules, it is apparent that there is competent evidence to support the finding of the Commission, and that there is no merit in this contention.

Petitioners further contend that there is no competent evidence upon which to base the finding of the Commission that the earning capacity of claimant at the time of the hearing to determine the extent of his disability was one dollar per day.

At this hearing claimant testified that he had not been able to do any work since his injury, and, in effect, that he had earned nothing. Previously Dr. McClurkin, his attending physician, had testified that claimant was 75 per cent. disabled. It was shown that at the time of the injury his wages were $4 per day. Therefore it cannot be said that there was no competent evidence upon which the Commission based its finding as to the extent of his decreased earning capacity.

Since the findings of the Commission are supported by competent evidence, the award is sustained.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.