## WILLIAMS v. COMMANDER MILLS, Inc., et al.

No. 27905.   Oct. 19, 1937.

Rehearing Denied Dec. 7, 1937.

S. J. Clay and M. F. Boddie, for petitioner.

Pierce & Rucker, Fred M. Mock, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Ira Williams, as petitioner, to obtain a review of an award made by the State Industrial Commission in favor of petitioner for eight weeks' compensation and an operation to correct a hernia and against the respondent Commander Mills, Inc., and its insurance carrier. We will hereafter refer to the parties as petitioner and respondent.

The essential facts as shown by the record will be briefly stated. The petitioner while in the employ of the respondent Commander Mills, Inc., sustained an accidental personal injury. Petitioner was given immediate medical attention and informed that his injury had resulted in a ventral hernia which would require an operation to correct his condition. Respondent tendered such operation, but the petitioner declined to accept the same. Thereafter the petitioner filed with the State Industrial Commission claim for compensation for permanent total disability and informed the commission that

he had been tendered an operation for his hernia, but that he had declined to accept for the reason that the operation was a major one and he was unwilling to undergo the hazard involved in such operation. The commission heard the parties for the purpose of determining the nature and extent of petitioner's disability. The evidence adduced before the commission was to the effect that the petitioner's disability was the result of a ventral hernia, and that such condition could be corrected by an operation; that all of the petitioner's doctors had advised the operation; that while the operation was classified as a major operation, the risk connected therewith was very slight; that offer of such operation had been made by the respondent and refused by the petitioner because of his fear that he could not undergo the operation, which fear was based upon the fact that petitioner's father had died as the result of a hernia operation some few years before. The commission found that petitioner's injury consisted of an operative ventral hernia, and thereupon awarded him eight weeks' compensation and an operation to correct such hernia.

As grounds for the vacation of this award the petitioner contends, in substance, that since the operation is a major one, he is not required to accept it, but can claim compensation for a permanent partial or permanent total disability. In support of this contention petitioner relies chiefly upon the holding of this court in the case of Henly v. Oklahoma Union Ry. Co., 81 Okla. 224, 197 P. 488, wherein the Workmen's Compensation Law, as it existed prior to amendment by the 1923 Legislature, is discussed, and wherein it is held that under the then existing law an injured employee could not be required to submit to a hernia operation if it involved the slightest degree of danger. The law was thereafter amended by chapter 61, S. L. 1923, so as to include hernia as a separate subdivision under the schedule of specific injuries. This amendment appears now as a separate subdivision of section 13356, O. S. 1931, and reads as follows:

"In the case of an injury resulting in hernia, compensation for eight weeks, and the cost of the operation shall be payable; provided, that if the hernia results in a total permanent disability then the commission may so determine said fact and award the claimant compensation for a total permanent disability."

Since the adoption of the foregoing amendment, this court has reaffirmed the rule announced in Henly v. Oklahoma Union Ry.

Co., supra, in cases where an operation other than for hernia is involved, in Consolidated Lead & Zinc Co. v. State Ind. Commission, 147 Okla. 83, 295 P. 210; Indian Territory Illuminating Oil Co. v. Bates, 151 Okla. 38, 1 P. (2d) 750; King Drilling Co. v. Massenburg, 154 Okla. 236, 7 P. (2d) 454; Amerada Pet. Corp. v. Sumner, 177 Okla. 503, 61 P. (2d) 205; but in hernia cases has limited the recovery of an injured employee to eight weeks' compensation and an operation to correct such hernia unless the hernia results in a permanent disability. As said in the case of Charles M. Dunning Const. Co. v. Heck, 160 Okla. 93, 15 P. (2d) 988:

"Where an injured employee is suffering from the result of a hernia which is operative, the State Industrial Commission may award compensation for eight weeks and the cost of an operation, and it may not award compensation for total permanent disability until the operation has been performed, for, until an operation has been performed, the State Industrial Commission may not determine that permanent disability resulted from the hernia. The fact that an injured employee is totally incapacitated from any performance of manual labor does not warrant the State Industrial Commission in making an award of compensation for more than eight weeks, where it is shown that the total incapacity is the result of an operative hernia and that no request has been made for an operation for the hernia."

To the same effect see Barnsdall Refining Co. v. State Industrial Comm., 178 Okla. 242, 62 P. (2d) 655; and Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 P. (2d) 663.

The commission found that the petitioner had sustained an operative hernia. The evidence amply supports this finding, and under these circumstances the only award the commission was authorized to make was the one which it made, and there is no error shown in the record before us.

Award sustained.

OSBORN, C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, WELCH, and DAVISON, JJ., absent.