## AMERICAN IRON & MACHINE WORKS et al. v. WEATHERMAN et al.

No. 29574.   May 7, 1940.

*102 P. 2d 604.*

Dennis Bushyhead, of Tulsa, and T. A. Aggas, of Oklahoma City, for petitioners.

Smith & Siler (Maurice Speers, of counsel), all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by American Iron & Machine Works and its insurance carrier, hereafter referred to as petitioners, to obtain a review of an award which was made on October 28, 1939, by the State Industrial Commission in favor of M. M. Weatherman, hereafter referred to as respondent.

The essential facts as shown by the record are as follows: On November 11, 1938, the respondent caught his index finger in a wrench and crushed the distal phalange. The petitioners furnished immediate medical attention, and the attending physicians urged amputation of the injured phalange. The respondent demurred thereto and requested that an effort be made to save the finger and to avoid amputation; that the doctors then treated the injury in a manner calculated to preserve the finger, but that it soon became evident that this was not possible and amputation of half of the finger was had on November 14, 1938; that septicemia followed which confined respondent to a hospital for seven weeks, and during this time it became necessary to lance and drain the palm of respondent's hand. The petitioners paid compensation for the period of resulting temporary total disability, but denied liability for disability resulting other than the 50 per cent. loss of the index finger. The respondent attempted to establish a permanent total disability as a result of the injury at the hearings held to determine liability and extent of disability. The evidence was in conflict as to the extent of disability, and

as a result of these hearings the trial commissioner found that respondent had sustained a 25 per cent. permanent partial disability to his hand and awarded compensation in accordance with such finding. The petitioners thereupon appealed the cause to the commission en banc; it vacated the award which had been made by the trial commissioner and made a finding of a 25 per cent. permanent partial disability to the respondent's arm and awarded compensation on this basis. It is this last award that we are called upon to review at this time.

The petitioners urge first that the finding of a 25 per cent. permanent partial disability to respondent's arm is unsupported by any competent evidence shown in the record. The respondent tacitly concedes the truth of this charge, but urges that since there is competent evidence in the record to support the finding and award which was made by the trial commissioner, we should therefore direct the Industrial Commission to enter such award under the authority of Shepard v. Crumby, 146 Okla. 118, 293 P. 1049. While there is competent evidence in the record to sustain an award such as was made by the trial commissioner, it is not compelling, and the rule thus sought to be invoked is not applicable to the facts herein presented. We prefer to leave the matter to the State Industrial Commission for proper action.

The petitioners urge as their final contention that whatever disability the respondent had other than a 50 per cent. loss of his index finger resulted from his failure to accept the tendered surgical operation, and therefore should be charged to his willful act rather than to the injury. This contention is untenable for two reasons: First, because there is evidence in the record from which it might be properly concluded that the infection had already entered the blood stream of the respondent before the operation was suggested or tendered, and therefore that the operation would not have prevented the subsequent septicemia; and, second, for the reason that the evidence nowhere shows that the respondent acted unreasonably in requesting that other means be exhausted before resort was had to amputation. This is particularly true since the evidence shows that respondent had previously lost part of some of the fingers on his other hand, and therefore had a greater incentive than usual to save his finger on the hand here involved. The refusal of an injured employee to accept medical or surgical attendance must be shown to have been unreasonable before an employer can be relieved of any of the consequences of the injury. Moran v. Oklahoma Engineering & Machine & Boiler Co., 89 Okla. 185, 214 P. 913. The burden of showing that the employee has acted unreasonably in such matter is upon the employer. As was said in Whitehurst et al. v. Auterson, 163 Okla. 75, 20 P. 2d 1035:

"The question of whether or not the respondent refused to avail himself of reasonable remedial measures tendered by his employer, is a question of fact to be determined by the commission from all the facts and circumstances appearing at the trial, including the testimony of respondent, as well as that of medical experts, and is binding upon this court, like the determination of any other fact, if there is competent evidence reasonably tending to support the same."

Due to the fact that the award here under review is based upon a material finding of fact which is unsupported by any competent evidence, it becomes our duty to vacate such award as a matter of law. Tulsa Rig & Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777.

The award is therefore vacated for further proceedings in the Industrial Commission consistent with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DANNER, JJ., concur.