KANSAS EXPLORATIONS, Inc., v. MONTEE et al.

No. 31673. March 20, 1945.

Rehearing Denied April 3, 1945.

*157 P. 2d 171.*

A. L. Commons, of Miami, for petitioner.

Jesse A. Harp, of Miami, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On July 8, 1943, Eddie Montee, hereinafter referred to as respondent, filed his first notice of injury and claim for compensation stating that he sustained an injury on

March 29, 1943, while employed by Kansas Explorations, Inc., hereinafter referred to as petitioner, when he bruised his right foot.

Payments were made by the employer at the rate of $18 per week for temporary total disability until September 7, 1943, when petitioner filed an application to discontinue the payments for the reason that the petitioner had ordered the respondent to report to Dr. Dickson at Kansas City, Mo., for treatment and respondent had refused to report for said treatment. On October 14, 1943, the State Industrial Commission denied the application and ordered the respondent to report to Dr. Dickson at Kansas City for further treatment.

Petitioner commenced this proceeding to review said order and raises the single proposition that the failure of the respondent to report to Dr. Dickson at Kansas City was unreasonable. No medical evidence was offered by either party. The respondent testified that he went to Kansas City and reported at the hospital where Dr. Dickson was employed, but that Dr. Dickson did not see him; that respondent was under the impression that an operation would be performed, but that the only treatment given to respondent was in the nature of the treatment given by Dr. DeArman of Miami, Okla. Though there is some evidence tending to show some indisposition on respondent's part to co-operate in some details with the employer's desires in the premises, we think the record amply supports the commission's conclusion that his behavior in that respect would not amount to such unreasonable refusal to submit to treatment as would justify forfeiture of payments of compensation within the meaning of the law. During the proceedings the respondent agreed to report to Dr. Dickson at Kansas City, and the State Industrial Commission in its order above referred to directs that he so report.

Payments for compensation may not be stopped because of the employee's refusal to submit to operation and treatment unless the employer establishes and the commission finds that the employee's refusal was unreasonable, and that the operation or treatment would probably have relieved the employee's trouble. City of Tulsa Water Dept. v. Barnes, 170 Okla. 601, 41 P. 2d 809. In Moran v. Oklahoma Engineering & Machine & Boiler Co., 89 Okla. 185, 214 P. 913, it is stated that there is no provision in the Workmen's Compensation Law conferring authority upon the State Industrial Commission to discontinue compensation solely upon the ground that the claimant refused to submit to an operation or treatment. See, also, in this connection, Dolan Heating Co. v. Feverston, 181 Okla. 198, 73 P. 2d 115.

The order of the State Industrial Commission is sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.