E. L. MENDENHALL COMPANY and Utilities Insurance Company, Petitioners,

v.

B. L. KELL and Oklahoma State Industrial Court, Respondents.

No. 39108.

Supreme Court of Oklahoma.

Jan. 31, 1961.

Rucker, Tabor, Best, Sharp & Shepherd,
O. H. "Pat" O'Neal, Tulsa, for petitioners.

Baker & Baker, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

BERRY, Justice.

Challenged, as erroneous and unauthorized by law, is the award of the State Industrial Court granting claimant 80 per centum permanent (partial) disability to his right arm. Employer asserts that claimant's unreasonable conduct in declining to complete recommended medical treatment prolonged his healing period and prevented optimum recovery from the injury sustained.

The accident, which occurred on August 3, 1959, concededly resulted in an injury to claimant's right shoulder. Dr. P attended him with the consent of employer. Hospitalized for a period of 12 days, he underwent extensive physical therapy and was discharged on September 15. The condition described as "advanced atrophy of the shoulder girdle muscles with adhesive cap-

sulitis", failed to respond to treatment. Little or no progress was attained. Claimant was released for "light work" on October 12, when the temporary benefits were discontinued. Following his discharge from the hospital, he was seen by Dr. P on three office visits, the last of which took place on October 26. It was then that the physician recommended further treatment which was to consist of "closed manipulation" of the shoulder under anesthesia. The suggested procedure required further hospitalization and its purpose was to break down muscular adhesions in the "shoulder cuff". Claimant admittedly declined to undergo this treatment.

Dr. P, as reflected by her report, was of the opinion that claimant's present disability to the arm, which she estimated at 80–85 per centum, was merely temporary in nature. Recommended manipulation, she related, "would render a decrease in partial permanent disability from 10 to 15 per cent".

Dr. A, who submitted a report for the claimant, evaluated the resulting disability in terms of unqualified permanency and fixed its degree at 85–90 per centum (permanent partial disability to the right arm). He described the condition as one "commonly called a frozen shoulder which *may or may not be amenable to manipulation*". The record further discloses that muscular adhesions are not always successfully remedied by manipulation as they frequently recur at or near the point of their original formation. It was stipulated that Dr. A, if present, would testify "he was inclined to think" closed manipulation would help claimant, but "nobody could say that it would, and that it might make it worse."

■ Employer's statutory duty to pay compensation to an injured workman imposes upon the latter an implied obligation to act reasonably and use ordinary care in minimizing the consequences of his injury. While an employee is required to undergo minor corrective treatment or surgery, which is simple, safe and reasonably certain to effect a cure, either in whole or some substantial part, it is equally true that this rule may not be invoked to compel his submission to an ill-advised, dangerous, unnecessary, experimental or questionable medical or operative procedure, however minor, in order that benefits created by law in his favor may possibly be reduced or minimized. Moran v. Oklahoma Engineering & Machine & Boiler Co. et al, 89 Okl. 185, 214 P. 913; Chicago Bridge & Iron Works v. Sabin, 105 Okl. 62, 231 P. 851; Consolidated Lead & Zinc Co. v. State Industrial Commission, 147 Okl. 83, 295 P. 210, 73 A.L.R. 1298; City of Tulsa Water Department et al. v. Barnes et al., 170 Okl. 601, 41 P.2d 809. See also Macklanburg-Duncan v. Wimmer, Okl., 280 P.2d 1001.

■ An employer who complains of a workman's unreasonable refusal to undergo tendered treatment and who desires to compel his submission thereto, bears the burden of proving that the condition sought to be improved necessitates only a minor medical or surgical procedure which is simple, safe and reasonably certain to effect, either in whole or in some substantial part, a reduction in disability. Moran v. Oklahoma Engineering & Machine & Boiler Co. et al., supra, American Iron & Machine Works et al. v. Weatherman et al., 187 Okl. 260, 102 P.2d 604. Whether or not employee's action in refusing tendered medical or surgical measures was unreasonable presents a question of fact to be determined by the trial tribunal. A finding made on such issue by the State Industrial Court, when based on competent evidence adduced, is binding and conclusive upon this Court. 85 O.S.1951 § 26; American Iron & Machine Works v. Weatherman, supra; United Rendering Co. v. Lewis, 154 Okl. 153, 7 P.2d 149; Carl B. King Drilling Co. et al. v. Massenburg et al., 154 Okl. 236, 7 P.2d 454; Whitehurst v. Auterson, 163 Okl. 75, 20 P.2d 1035; City of Tulsa Water Department et al. v. Barnes et al., supra; Amerada Petroleum Corp. et al. v. Sumner et al., 177 Okl. 503, 61 P.2d 205; Kansas Explorations, Inc. v. Montee, 195 Okl. 301, 157 P.2d 171. See also Henly v. Oklahoma

Union Railway Co., 81 Okl. 224, 197 P. 488, 18 A.L.R. 427; Macklanburg-Duncan Company v. Wimmer, supra.

The evidence in the instant cause is far from being clear or conclusive in showing that the manipulation therapy sought to be applied would have improved the shoulder condition so as to effect a substantial reduction in disability to the arm. As disclosed by the tenor of Dr. A's testimony, the recommended procedure is of doubtful, questionable and problematical effectiveness, and claimant's condition should thus be deemed to have reached optimum recovery. The trial tribunal resolved the issue adversely to the employer and its finding thereon is supported by competent evidence. Under this state of the record, we are not at liberty to interfere with the factual determination made. Nor may we indulge in speculation as to the outcome of the manipulation treatment and hold, as a matter of law, that the remedial measures proposed by Dr. P. constitute a "simple, safe and reasonably certain cure", that the refusal thereof amounts to an unreasonable conduct on the part of the claimant. Amerada Petroleum Corporation v. Sumner, supra; Consolidated Lead & Zinc Co. v. State Industrial Commission et al., supra.

The report of Dr. A, upon which the trial tribunal rested its findings, evaluates claimant's disability in terms of unequivocal permanency, while the statement of Dr. P is a mere expression of anticipated futurity. The trial judge correctly observed that the latter lacked probative value as a basis for the award. See Bergstrom Painting Co. v. Pruett, 205 Okl. 291, 237 P.2d 453; Sparks v. General Mills, Inc., Okl., 262 P.2d 155; Ideal Cement Co. v. Buckler et al., Okl., 353 P.2d 828.

The award for 80 per cent permanent (partial) disability to the arm is not otherwise challenged. We find it amply supported by competent medical evidence.

Award sustained.