**JAMCO, INC., and Phoenix Insurance Company, Petitioners,**

v.

**Marilyn McKEE and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 41601.**

Supreme Court of Oklahoma.

Dec. 28, 1965.

Harry R. Palmer, Jr., Oklahoma City, for petitioners.

Buck Cartwright, Wewoka, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

BERRY, Justice.

Marilyn McKee, claimant, is a 19-year old married woman. On March 29, 1965, while employed by Jamco, Inc., she fell and injured her back. She was three months pregnant at the time of the accident.

Employer sent her to Dr. M who hospitalized her for three days. Because of her pregnancy, X-rays were not taken and the only treatment administered was traction. This bothered claimant, so traction was discontinued. Dr. M then advised claimant that because of her pregnancy he was unable to properly treat her back condition, but that he wanted her to remain in the hospital for observation. Claimant refused and returned to her home.

Employer and its insurance carrier, Phoenix Insurance Company, paid claimant temporary total compensation from the date of the accident through April 26, 1965, but discontinued payments on the latter date because of claimant's refusal to accept treatment from Dr. M.

The State Industrial Court held a hearing on the question of further medical treatment and temporary compensation and on May 25, 1965, the trial judge entered an order finding that claimant was temporarily disabled from April 27, 1965, to the date of the order and was in need of further medical treatment. He ordered employer and its insurance carrier to pay compensation for the past period of disability and to continue paying compensation and furnishing medical treatment to claimant for a period not to exceed 300 weeks. The order was affirmed on appeal by the court en banc.

Employer and carrier, who will hereinafter be referred to as petitioners, bring this original proceeding for review of the order, and for reversal of the same, advance the following three propositions:

"1. The trial judge's order was not responsive to the issues raised by the evidence.

"2. That claimant's act of refusing medical care offered her by respondents was arbitrary and capricious.

"3. The respondents were denied due process of law by arbitrary affirmance of the trial judge's order which action proceeded without notice to the parties without regular setting and the opportunity to be heard."

The three contentions of petitioners will be considered in the order presented.

■ Petitioners urge that the only issue presented was "whether claimant's actions in refusing medical care were arbitrary and unreasonable, obviating claimant's right to temporary total compensation during the period of such refusal." Petitioners urge the trial court failed to "make a finding of fact on such issue and thus his order is not responsive to same."

We find the order is responsive to the issue presented.

The trial judge found that claimant was temporarily totally disabled from April 26, 1965, when petitioner stopped payments of compensation because claimant refused treatment by Dr. M, to the time of the hearing.

Petitioners, at the hearing, stated claimant "has thus been suspended until she agrees to reinstate treatment as provided by us." In their brief to the court en banc on appeal, petitioners stated "The issue * * * is whether or not a claimant can refuse rehabilitative care, which under the law, is the duty of the respondent and insurance carrier to provide and at the same time to enjoy the fruits of continued disablement, namely temporary total compensation." Under the circumstances, the petitioners cannot reasonably fail to comprehend that the reason the Industrial Court made the award is that it found that claimant's action in refusing the proffered medical treatment was not unreasonable and that she was entitled to benefits even though she refused the treatment.

The record discloses that at the time of the accidental injury and hospitalization, claimant was pregnant with her first child. She was not X-rayed because the doctor told her it might be injurious to the unborn child. This caused her apprehension. Then the traction hurt her stomach. This, no doubt, increased this apprehension. Dr. M proposed an injection in her back. Not knowing what the injection was for, she refused. On this refusal, Dr. M told her he could do nothing further for her and advised her to go home and stay in bed.

■■ Whether or not employee's action in refusing tendered medical or surgical measures was unreasonable presents a question of fact to be determined by the trial tribunal, and a finding made on such issue by the State Industrial Court, when based on competent evidence adduced, is binding and conclusive upon this Court. E. L. Mendenhall Company v. Kell, Okl., 359 P.2d 234; Kansas Explorations, Inc. v. Montee, 195 Okl. 301, 157 P.2d 171; American Iron & Machine Works v. Weatherman, 187 Okl. 260, 102 P.2d 604. We hold there is competent evidence to support the lower court in its finding and order.

The petitioners' third contention is without merit. The case was first set for hearing on July 8, 1965. It was stricken from the docket at their request. Then on July 7, 1965, petitioners wrote a letter to the Industrial Court wherein they stated:

"We advised the Court that we appealed from the Court Order as a matter of law and promised to write you a short letter brief in support of our contentions which is the purpose of this letter."

The record also reflects the court en banc made notation of the fact that claimant appeared by her attorney and that counsel for petitioners did not appear to argue the case but did submit "a written brief."

In the case of Hammon v. Oklahoma Gas & Electric Co., 202 Okl. 332, 213 P.2d 556, we held that a hearing on appeal to the State Industrial Court sitting en banc does not contemplate, require nor afford a trial de novo; such appeal contemplates a hearing on questions of law and fact, or mixed questions of law and fact, to be determined on the record made before the trial judge.

■ The court en banc had the record before it. It had petitioners' brief before it setting forth their arguments. We, therefore, hold that petitioners were not denied due process of law by the Industrial Court sitting en banc.

Finding the award amply supported by the evidence, it is sustained.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACK-BIRD, IRWIN and LAVENDER, JJ., concur.