2000 OK CIV APP 143

**OKLAHOMA DEPARTMENT OF CORRECTIONS and The State Insurance Fund, Petitioners**

v.

**Buddy D. HUNT, Jr. and The Workers' Compensation Court, Respondents**

**No. 94,298.**

Court of Civil Appeals of Oklahoma, Division 1.

July 7, 2000.

Rehearing Denied Aug. 11, 2000.

Certiorari Denied Dec. 5, 2000.

Chad R. Whitten, Tulsa, Oklahoma, for Petitioners

Anthony M. Laizure, Tulsa, Oklahoma, for Respondents

## OPINION

CARL B. JONES, Presiding Judge:

¶1 Employer seeks review of an order of the Workers' Compensation Court three-judge review panel which determined Claimant to be totally and permanently disabled. The review panel vacated the trial court's order which had found Claimant to have 36% permanent partial disability to the body as a whole. Once altered by the review panel, the trial court's decision stands replaced and the decision of the review panel is the one final decision to be reviewed by the appellate courts. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548, 551. That decision is reviewed by the "any competent evidence" standard. *Id.*

¶2 Claimant was an employee of the Oklahoma Department of Corrections. He was involved in an "on-the-job" motor vehicle accident on October 16, 1997. Claimant suffered injuries to his back and neck in this accident. Diagnostic procedures revealed disc herniations and spondylosis at C5–6 and C6–7 with pain, numbness and weakness radiating down into his left arm. Claimant was considered to be a good candidate for cervical diskectomy and fusion of C5–6 and C6–7. Although several doctors have recommended that Claimant undergo this surgical procedure, he has thus far decided against it.

¶3 Employer's first allegation of error is that the review panel's order is void and Employer was denied due process because one of the review panel judges was a retired district court judge sitting on the panel by special designation, rather than a Workers' Compensation Court judge. Employer cites 85 O.S. Supp.1997 § 3.6(A) which states that "Such Court en banc shall consist of three (3) Judges of the Court, none of whom shall have presided over any of the previous hearings on the claim."

¶4 This argument is without merit. Title 20 O.S. Supp.1997 § 1104B(C) authorizes the Supreme Court to assign duties to Senior Judges and Active Retired Judges which duties may include courtroom participation. Rule 49, Workers' Compensation Court Rules, 85 O.S. Ch. 4, App. provides:

"Active Retired Judges assigned to the Workers' Compensation Court by the Chief Justice of the Oklahoma Supreme Court shall perform such duties and responsibilities as authorized by law and as a majority of the Judges of the Workers' Compensation Court may prescribe."

Active Retired Judges provide an important and useful service in the administration of justice in this State. Their use is authorized by state statute and court rule. There was no error in the participation of such judge as a panel member of the Court en banc.

¶5 Employer next contends that it was error to find Claimant permanently totally disabled when, if he would consent to having the recommended surgery, his condition might be greatly improved. There was no dispute among the medical experts that Claimant would very likely benefit from having the spinal surgery. Employer cites three hernia cases [1] for the proposition that employee must submit to a recommended operation before an award can be made for permanent total disability.

¶6 This Court is unimpressed. According to *E.L. Mendenhall Co. v. Kell*, 1961 OK 21, 359 P.2d 234, 236, the employer has the burden to prove that the condition sought to be improved necessitates only a minor medical or surgical procedure which is simple, safe and reasonably certain to effect, in at least some substantial part, a reduction in disability. There is no evidence that the recommended diskectomy and multilevel spinal fusion would be simple. One of Employer's own medical experts stated that it was not unreasonable for a patient to refuse such a surgery. No error is shown.

¶7 Employer's final allegation of error is that the finding of permanent total disability is not supported by competent vocational

---

1. *Dierks Lumber & Coal Co. v. Lindley*, 1938 OK 124, 77 P.2d 44; *Chas. M. Dunning Construction Co. v. Heck*, 1932 OK 718, 15 P.2d 988; *Williams v. Commander Mills*, 1937 OK 603, 73 P.2d 1143.

evidence. In support, Employer directs us to evidence that in March, 1998, Claimant went back to work for a month and a half in a limited, light-duty capacity. The vocational rehabilitation evidence makes no reference to this in the history taken. Employer contends that the vocational rehabilitation evidence is not competent. Employer objected to the probative value of the vocational rehabilitation evidence at trial.

¶ 8 The vocational study was done in late June, 1999, well over a year after Claimant tried to work "light-duty" for about six weeks. The vocational rehabilitation expert's opinion was very clear that in June, 1999, when she evaluated Claimant, he was unable to return to his past work and was not a candidate for vocational retraining. That evidence was not without probative value and together with the other evidence in the record is well supportive of the review panel's finding of permanent total disability.

¶ 9 SUSTAINED.

¶ 10 GARRETT, J., and BUETTNER, J., concur.