McKISSICK PRODUCTS CORP., a corporation, and Employers Liability Assurance Corp., a Corporation, Petitioners,

v.

Charles B. GARDNER and the State Industrial Commission of Oklahoma, Respondents.

No. 36268.

Supreme Court of Oklahoma.

March 1, 1955.

Covington & Donovan, Tulsa, for petitioners.

S. J. Clendinning, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, Justice.

This is an original action by McKissick Products Corporation and its insurance carrier to review an award made against them by the State Industrial Commission in favor of claimant, Charles B. Gardner.

At the hearing had in this case, after which the award here complained of was made, the attorneys for claimant and respondent entered into a stipulation as to the facts. The stipulation recites that on September 11, 1941, while in the employ of another respondent, claimant sustained a double hernia, for which he was operated by Dr. G.; that in May, 1942, the right hernia reoccurred and claimant was again operated by Dr. G. for repair of such reoccurring hernia; that thereafter claimant had no trouble with hernias and was engaged in ordinary manual labor until November 22, 1950, while in the employ of respondent, he received an injury from lifting a piece of machinery weighing approximately 300 pounds which resulted in both a left and right inguinal hernia; that claimant filed claim for compensation for such injury and on July 3, 1951, the Commission made an award fixing compensation and ordering an operation to repair a hernia; thereafter Dr. G. operated claimant, repairing the right hernia but because of the condition of claimant on the operating table failed to repair the left hernia; in about November, 1951, the right hernia, which had been repaired, reoccurred; thereafter on March 12, 1952, the Commission on a second hearing ordered repair of the left hernia; that claimant did not submit himself for an operation for the left hernia because of the reoccurrence of the right hernia; that claimant now has two unrepaired hernias, left and right; that on June 30, 1952, claimant filed his claim to reopen on change of condition, alleging permanent total disability; that claimant is now employed by respondent and is operating a light lathe, which does not require lifting; that this is the same employment claimant was given after the original accident of November 22, 1950; that he has been operating such lathe ever since said date and before the change of condition; that the parties submit the case on such statement of facts together with attached medical reports.

One of the medical reports attached to this stipulation was by Dr. G., the operating physician, who stated that claimant had had three operations upon his right side for a hernia; that while ordinarily a hernia should be repairable satisfactorily but this hernia has reoccurred, that he has a considerable amount of scar tissue present, and no promise or assurance could be made; that another repair would be successful. This doctor gives no estimate of disability.

The other report attached to the stipulation is by Dr. W. who stated that at this time the physical condition of claimant is such that it would not be wise to attempt any further repair of either of these hernias; that the doctor was of the opinion that claimant should have no further operative procedures and that he is permanently and totally disabled and unfit for any type of manual labor.

The trial Commissioner entered an award for permanent total disability and this award was affirmed on appeal to the Commission en banc. Respondent and its insurance carrier seek review here of that award.

Respondents contend that the finding of the Commission that claimant is permanent-

·ly and totally disabled is not supported by any competent evidence for the reason that the stipulation of facts shows that claimant is still employed by respondent, is operating a light lathe which requires no lifting, which he has done ever since he sustained the hernias in November, 1951; that there is no proof that he is doing such work at risk of his life, or by reason of financial necessity or other dire circumstances forcing him to work, or that he suffers undue pain or hardship in doing his work. They claim that under the holding of Dierks Lumber & Coal Co. v. Lindley, 182 Okl. 185, 77 P.2d 44, an employee cannot be classified as having permanent total disability when his earning power and capacity to perform remunerative employment remains unless, as in that case, he proves that his capacity to work is confined to work of a slight or trivial nature, or that although he has capacity to do ordinary manual labor he can exercise such capacity only at the cost of serious discomfort or pain, or that he is continuing to do such work at the cost of material injury to his health and danger to his life.

 The record does not show and we cannot say as a matter of law whether the operation of a "light lathe, which does not require lifting" can be classified as "ordinary manual labor" within the meaning of the Workmen's Compensation Law. The uncontradicted medical evidence is that claimant's condition cannot be improved or corrected by further operations, that further operative procedure would be dangerous, and that claimant is totally disabled and unfit for any type of manual labor. If the work which he is doing is ordinary manual labor, under this statement of the doctor he is doing it at the cost of material injury to his health and danger to his life. If the work which he is doing is not ordinary manual labor it is of a slight or trivial nature and within the rule announced in Dierks Lumber & Coal Co. v. Lindley, supra. Whether claimant is permanently and totally disabled as a result of his hernias is a question of fact for the determination of the Commission, 85 O.S.1951 § 22. The Commission has found that he is permanent-ly and totally disabled and this finding is based upon competent medical evidence.

Respondents next contend that the Commission committed error in failing to credit them with the sum of $350 already paid claimant. They admit that by finding No. 5 of the order of the trial Commissioner it is stated that this sum should be credited and that the failure of the trial Commissioner to allow such credit in the order portion of the award is an oversight. This oversight can easily be corrected and the Commission is hereby ordered to make such correction.

Award Sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.