## OKLAHOMA GAS & ELEC. CO. et al. v. HARDY et al.

No. 27093. March 16, 1937.

Rehearing Denied April 27, 1937.

Bunch & Kelly, for petitioners.

C. W. Schwoerke and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to vacate an award in favor of the claimant, C. L. Hardy, entered by the State Industrial Commission dated the 10th day of March, 1936, in which it is ordered that the claimant is entitled to 200 weeks' compensation at $18 per week, less 55 weeks at $18 per week, heretofore paid him for temporary total disability, or 145 weeks computed from

October 1, 1934, for the permanent total disability of claimant existing at the time of the award as a direct result of an accidental injury suffered on May 22, 1928. The pertinent portions of the award are as follows:

"It is therefore ordered: That within ·15 days from the date of filing of this order said respondent and/or insurance carrier herein pay to claimant, C. L. Hardy, the sum of $1,290, being 71 weeks' and 4 days' compensation, computed from October 1, 1934, to February 14, 1936, at $18 per week, and that the payment of said compensation be continued from February 14, 1936, at $18 per week until claimant shall have been paid a total of 145 weeks, computed from the said 1st day of October, 1934, in payment for the permanent and total disability now suffered by claimant as a result of the said accident and injury."

On May 22, 1928, the claimant, while engaged in a hazardous occupation covered by the Workmen's Compensation Law, suffered an accidental injury resulting in a disability. The said accident occurred while claimant was unloading a pole from one of the trucks of the petitioner, and he suffered severe bruises in the pelvic region, and there is no contest about the nature of the injury and the extent thereof prior to the entering of the first award.

The first award was entered on the 25th day of July, 1931, upon stipulation on Form 14, and it is stated therein that the sum of $348 was settlement made on the basis of a permanent partial disability for a period of 300 weeks. This is the only award that was ever entered except upon a stipulation and agreement under date of November 11, 1932, which followed a hernia operation, and the payment of $144, which said payment was made for a temporary total disability under the provisions of the Workmen's Compensation Act for hernia approved under a final order of the commission dated November 12, 1936.

One of the grounds for the vacation of the award is that the State Industrial Commission erred as a matter of law in finding that the claimant was totally and permanently disabled.

The evidence reflects that after the settlement on July 24, 1931, the claimant attempted to do carpenter work for two and one-half months for a man named Smith, who was a neighbor, and that while working at this job he drew $3 per day; that he also sought a job and was given occupation as foreman for the Quality Paint Company, which company was engaged in painting highway bridges, using a spray system; that the approximate period of time claimant was engaged in this latter occupation was four months, and that he drew $5 per day; that this work ceased on about March 1, 1933; that he then obtained a C. W. A. highway job on Highway 33 and worked for five days running a scraper under the same man for whom he had done carpenter work; that the period covered by this work was approximately nine days; that subsequent thereto, and on about September 1, 1933, he began to work in a pool hall and has been so engaged for about two years. Dr. Swan and Dr. Baird having examined the claimant testified that in their opinion he was totally and permanently disabled. Claimant testified that he was able to work in a pool hall and rack balls and make collections, and that he made from $10 to $15 a week, depending upon the business, as his wages were based upon the amount collected on a commission basis. He further testified that he was not able to work all the time and at times would have to go home and rest.

This court has, on a number of occasions, considered cases in which total disability has been granted under an award of the state Industrial Commission where it is shown that the claimant, although declared to be totally disabled, is able to earn some money. Otis Elevator Co. v. Haveley, 148 Okla. 82, 296 P. 1106; Earl W. Baker & Co. v. Maples, 155 Okla. 105, 8 P. (2d) 46; Integrity Mut. Casualty Co. v. Garrett, 100 Okla. 185, 229 P. 282; Skelton Lead & Zinc Co. v. Industrial Commission, 100 Okla. 188, 229 P. 255; Pine v. Nowlin, 153 Okla. 111, 5 P. (2d) 118; Sweetwater Gin Co. v. Wall, 153 Okla. 96, 5 P. (2d) 126.

We do not consider it necessary to review at length the facts upon which the rules in the above cases have been announced. It is sufficient to state that this court has committed itself to the doctrine that a claimant cannot be permanently and totally disabled where he is able, without danger to his health, to earn wages, although his wages may not be earned in the same field or industry where he was injured, and although he may be forced to work under a physical handicap.

On the other hand, this court is just as strongly committed to the doctrine that a claimant is not forced to work where he is actually totally and permanently disabled, where such work would cause him pain and suffering, and he should not, by virtue of the fact that he is willing to endure such pain and suffering in order to eke out a fur-

ther sustenance, be deprived of his right to draw total permanent disability benefits.

Probably the best expression of this latter doctrine is to be found in Sweetwater Gin Co. v. Wall, supra, where by syllabus we said:

"Workman's Compensation Law does not require an injured employee to continue to work if it will cause him continuously to suffer serious discomfort and pain while he is so engaged. Joliet & E. Traction Co. v. Industrial Commission, 299 Ill. 517, 132 N. E. 794."

In that case, in the body of the opinion, our court quoted with approval the following language found in the opinion of the Colorado court in the case of New York Indemnity Co. v. Industrial Commission, 86 Colo. 364, 281 P. 740, which is as follows:

" 'If one be totally and permanently disabled, he ought not be penalized for obtaining some trivial and unusual employment, or have the door of hope and ambition slammed in his face by being forbidden, on pain of having a portion of his meager sustenance withheld, to make any effort to add thereto. One may be totally disabled for all practical purposes of competing for remunerative employment in any general field of human endeavor and yet be able to obtain occasional employment under rare conditions and at small remuneration.' "

It will be seen by analysis of the above and foregoing cases that the term "manual labor" is not exactly a correct term to be used in determining whether or not a claimant is able to earn wages. A reading of the cases will reflect that a party may earn wages within the terms of the above opinions without engaging in manual labor. Under the evidence reflected by the record in this case, we are of the opinion that as a matter of law the State Industrial Commission erred in holding that the claimant was totally and permanently disabled. Nowhere did the claimant testify that in the performance of his work, he was in constant pain or suffering or that his condition in such employment would cause him discomfort of a physical nature so that he could not actually perform the duties in which he was engaged as a pool hall attendant.

Award vacated.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, CORN, GIBSON, and HURST, JJ., concur. RILEY and PHELPS, JJ., absent.