WOOD OIL CO. et al. v. WRIGHT et al.

No. 30123.    June 10, 1941.

Rehearing Denied Sept. 9, 1941.

*116 P. 2d 707.*

S. S. Wachter and James Dudley, both of Oklahoma City, for petitioners.

Leonard T. May and Kermit E. Nash, both of Drumright, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the Wood Oil Company and its insurance carrier, Maryland Casualty Company, hereafter referred to as petitioners, to review an award for temporary total and permanent partial disability made to Ben M. Wright, respondent.

On May 6, 1940, respondent filed his employee's first notice of injury and claim for compensation in which it is

stated that while employed as roustabout for the Wood Oil Company at the Roberson lease, about two miles southwest of Drumright, Okla., he sustained an accidental injury when he fell from a ladder while cleaning a tank.

On the 18th day of October, 1940, the State Industrial Commission entered an award for temporary total disability, therein finding that the respondent was temporarily totally disabled from April 1, 1940, to and including June 1, 1940, and by reason thereof was entitled to be paid $18 per week for said disability; that in addition thereto he sustained an injury under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, by reason of which he should be paid compensation at the rate of the minimum of $8 per week during the continuance of such disability, not to exceed 300 weeks. Petitioners seek a review of this award and argue:

"(1) Error of the State Industrial Commission in finding that the respondent was entitled to temporary total disability payments;

"(2) Error in finding that the respondent had a daily wage of $5 and

"(3) Error in finding that the respondent had a permanent partial disability which resulted in the loss of wage-earning capacity."

We hold that the commission erred in ordering payment in the maximum of $18 per week for temporary total disability. The evidence discloses that the respondent was employed by the Acid Oil Company as a pumper at the regular salary of $40 per month; that he drew this salary for the months of April and May in 1940; that Frank Forcum was farm boss for the Acid Oil Company and the petitioner Wood Oil Company; that the Wood Oil Company would hire the respondent to perform extra labor as a roustabout and paid him for this work, sometimes $4 and not to exceed $5 per day; that for the year next preceding the accidental injury he earned not to exceed $130 for the entire year as an employee of said Wood Oil Company. At no time did he work the whole

of a year for the petitioner, Wood Oil Company. He may have worked incidentally a day or two in each month of said year as a roustabout for the Acid Oil Company. The record is silent as to any money received for such labor with the Acid Oil Company. It is undisputed that during all of this time he drew his regular monthly check of $40 from the Acid Oil Company and has continued since that date to draw said check. In Magnolia Pet. Co. v. Johns, 160 Okla. 221, 16 P. 2d 858, we held that one who is drawing wages is not entitled to payment for total temporary disability. The award insofar as it allows $18 per week for temporary total disability from April 1, 1940, to and including June 1, 1940, must be vacated.

Referring to the alleged error in finding that the respondent has a daily wage of $5, it should be pointed out that under section 13355, O. S. 1931, 85 Okla. St. Ann. § 21, it is the duty of the State Industrial Commission to obtain the daily wage of the respondent himself if he has worked substantially the whole of a year for the same employer or otherwise. Clearly subdivision 1 could not be applied in the case at bar. If subdivision 1 cannot be applied, it is the duty to apply subdivision 2, if it can be fairly and reasonably applied. Skelly Oil Co. v. Ellis, 176 Okla. 569, 56 P. 2d 891. As to whether or not subdivision 1 or 2 can be fairly or reasonably applied is a question of fact, and if there is any competent evidence to sustain the finding of the average daily wage based upon the reasonable application of said sections, the finding will not be disturbed. Acme Semi Anthracite Coal Co. v. Manning, 178 Okla. 420, 63 P. 2d 76. We are of the opinion, and hold, that there is competent evidence in the record to sustain its finding, since there was evidence that a roustabout, who had worked substantially the whole of a year, was paid a daily wage of $5.

Finally it is alleged that there is no competent evidence to sustain the finding that the respondent sustained a permanent partial disability under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22. With

this contention we cannot agree. The record discloses that the respondent fell from a ladder while cleaning a tank. He struck his back and shoulders against a metal bar connection and was treated the same day by a physician of the petitioner, Wood Oil Company. Subsequent treatments were received from this physician and other physicians. Dr. Smith, one of the physicians who treated respondent, testified that in his opinion, in addition to the temporary disability which he sustained, respondent had a permanent disability between 25 and 50 per cent. The farm boss, Frank Forcum, testified that the respondent did not work as much after the injury as he had before, and there is other evidence of loss of wage-earning capacity. In Southwestern States Tel. Co. v. State Industrial Commission, 181 Okla. 533, 75 P. 2d 468, we held that if the employee was permanently disabled and such disability decreased his wage-earning capacity, he was entitled to the minimum of $8 per week unless at the time of the accidental injury his wages were less than $8 per week. See, also, Blackstock Oil Co. v. Murtishaw, 184 Okla. 312, 87 P. 2d 308. It is admitted that in addition to the $40 for pumping he earned $130 for the year next preceding the injury, and regardless of the error in arriving at the temporary disability to be paid, we are of the opinion, and hold, that there is competent evidence of the loss of wage-earning capacity which would entitle the respondent to the minimum of $8 per week, since it is apparent that he was earning more than $8 per week at all times prior to and at the time of the accidental injury. That part of the award directing payment of $18 per week for temporary total disability is vacated. The award for the minimum of $8 per week for not to exceed 300 weeks for permanent partial disability under the "other cases" provision of section 13356, supra, is sustained.

Award vacated in part and sustained in part.

WELCH, C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur.