**SPECIAL INDEMNITY FUND of State of Oklahoma, administered by State Insurance Fund, Petitioner,**

**v.**

**Joe GENTILE, Lone Star Steel Company, Old Republic Insurance Company and State Industrial Commission of State of Oklahoma, Respondents.**

**No. 38571.**

Supreme Court of Oklahoma.

March 1, 1960.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioner.

Brown, Brown & Brown, McAlester, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On June 20, 1958, Joe Gentile, hereinafter referred to as claimant, filed a claim for compensation against his employer, Lone Star Steel Company, and its insurance carrier, Old Republic Insurance Company, and Special Indemnity Fund, hereinafter referred to as the Fund, stating that on February 4, 1958, while in the employ of Lone Star Steel Company, he sustained an accidental injury consisting of an injury to his left hand and resulting in a permanent partial loss of use of the hand. The injury occurred when his hand was caught between a piece of coal and sprocket chain; that at the time he sustained such injury he was a physically impaired person by reason of an accidental injury sustained to his right hand on July 23, 1956, and sustained a further injury resulting in the loss of vision in both eyes.

On the same day claimant filed his claim for compensation he entered into a joint petition settlement with his employer and insurance carrier whereby he agreed to settle his claim as to them for the sum of $1,000 in addition to temporary compensation theretofore paid by his employer and insurance carrier and all medical expenses incurred in treating such injury.

The State Industrial Commission approved the joint petition settlement on the 23rd day of June, 1958, and awarded claimant compensation against Lone Star Steel Company and its insurance carrier in the sum of $1,000, which included a $100 bonus, based on 15 per cent permanent partial disability to his hand, reserving unto claimant his rights against the Fund.

This award has been fully paid and satisfied.

The case came on to be heard as against the Fund on the 10th day of September,

1958. At the close of the evidence at that hearing the trial judge found:

"That when claimant sustained his last compensable injury on February 4, 1958, to his left hand, he was a previously impaired person by virtue of a prior 15 per cent permanent partial disability to his left hand by reason of an injury in 1956, and prior loss of sight in the right eye to the extent of 100 per cent loss of said eye, and a partial loss of vision of the left eye.

"That claimant's rate of compensation is $30.00 per week; that due to the previous disability to claimant's right eye and at present a total industrial blindness in claimant's left eye, and the two injuries to claimant's hand, claimant is permanently and totally disabled and is entitled to compensation for 500 weeks at $30.00 per week, or the total amount of $15,000.00, less $1,000.00 paid for permanent partial disability on the last injury, and less $560.00 paid on temporary total disability on the last injury, leaving the Special Indemnity Fund obligated to pay compensation to claimant in the sum of $13,440.00 at $30.00 per week."

The trial judge on such findings entered an award in favor of claimant against the fund in the sum of $13,440 which was sustained on appeal to the Commission en banc.

The Fund brings the case here for review. Its main contention is that the evidence shows that claimant was permanently and totally disabled at the time he sustained his injury on February 4, 1958, and the Commission was without authority to enter an award against it and that the award for this reason should be vacated.

At the hearing of the case against the Fund it was stipulated that claimant on the 4th day of February, 1958, while in the employ of Lone Star Steel Company, sustained an accidental injury arising out of and in the course of his hazardous employment with said company consisting of an injury to his left hand; that he was paid $1,000 on joint petition settlement by Lone Star Steel Company and its insurance carrier for such injury reserving unto claimant the right to proceed against the Fund. It was further stipulated that claimant was a physically impaired person at the time he sustained his injury on February 4, 1958.

Claimant, in addition to the stipulated facts, testified that on March 31, 1952, he sustained an injury to his left index finger and on December 10, 1955, he sustained an injury to his little finger of his left hand; that on July 1, 1923, he injured his right hand consisting of a broken wrist; that at the time he sustained his injury of February 4, 1958, he was blind in his right eye and suffered some loss of vision in his left eye but that he still had some vision remaining in that eye. He further testified that notwithstanding his prior injuries he continued to work in his employment as a coal miner and received full wages for such work until he sustained his last injury on February 4, 1958; that since said injury he has been unable to do any work.

Dr. H in his written report states that he first saw and examined claimant on September 3, 1958. He obtained from him the following history:

"Injury to right wrist and hand, in Pocahontas Coal Company mine, about July 1, 1923—paid temporary total disability compensation for eight weeks at $18.00 a week, but no permanent disability compensation.

"Injury to left index finger on March 31, 1952, while employed by Lone Star Steel Company and was paid four weeks temporary total disability compensation at $28.00 a week, but no permanent disability compensation.

"Injury to left little finger while working for Lone Star Steel Company, on or about December 10, 1955, off work two weeks, paid two weeks temporary total disability compensation but no permanent partial disability compensation.

"Injury to palmar surface of left hand on or about July 20, 1956, while working for Lone Star Steel Company, paid twelve weeks temporary total disability compensation at the rate of $28.00 a week and 15% permanent partial disability compensation on joint petition.

"Injury to dorsum of left hand while working for Lone Star Steel Company, on or about February 4, 1958, paid $560.00 temporary total disability compensation and $1,000.00 permanent partial disability compensation.

"Patient has had a progressive eye condition in nature of cataracts, which has resulted in a total loss of vision in right eye at time of last injury and a 20–70 loss of vision in the left eye at that time."

Based upon such history and his own examination the doctor reached the conclusion that as a result of the combination of all of said injuries claimant waas permanently totally disabled.

Dr. C in his report stated that he first saw and examined claimant on September 10, 1958, and upon such examination reached the following conclusion:

" * * * Vision in the right eye is limited to light projection and perception of hand movements only before the eye. The left eye has a mature cataract and best vision is 20/400.

"Aphakic right eye, with post operative complications of intraocular hemorrhage and keratitis resulting in blindness.

"Mature cataract, left eye, with vision reduced to 20/400."

Dr. S in his report states substantially the same state of facts as stated by Dr. C except he estimates reduced vision in claimant's left eye to 20–200.

Dr. M in his report states that he first saw and examined claimant on September 10, 1958. He obtained a history from claimant, which is substantially the same history as the history given to Dr. H.

Based on this history and his own examination the doctor concluded:

"Physical examination presents a 62-year-old white male who has a blind right eye due to an accident some 40 years ago due to a piece of steel being in the right eye. He has also a cataract in his left eye which results from this patient having two industrially blind eyes. Therefore, this patient was actually a totally disabled person prior to his last injury. His examination, therefore, is specifically with reference to injuries to both hands in view of the fact that this patient was industrially a totally disabled person due to this blindness in both eyes prior to the last injury."

It is the contention of the Fund that the above evidence established that claimant was permanently and totally disabled at the time he sustained his injury on February 4, 1958, and the Commission was therefore without authority to enter an award against it and that the award as to it should be vacated.

We do not think the evidence taken as a whole conclusively sustains such contention. Dr. M is the only doctor who specifically states that claimant was permanently totally disabled prior to the time he sustained his last injury. Dr. M in his written report states that as a result of the combination of claimant's prior injuries with the injury sustained by him on February 4, 1958, to his left hand he was permanently totally disabled. The evidence of claimant to the effect that notwithstanding his prior injuries he was still able to perform his work as a coal miner and continued to satisfactorily perform such work and drew his full wages for such work until he sustained his last injury on February 4, 1958, is not disputed.

We have heretofore held ordinarily a disability cannot be classified as total under the Workmen's Compensation Law, 85 O.S.1951 § 22, par. 6, where the earning power of the employee is not wholly destroyed and capacity to perform remunera-

tive employment remains. Oklahoma Gas & Electric Co. v. Hardy, 179 Okl. 624, 67 P.2d 445; Dierks Lumber & Coal Co. v. Lindley, 182 Okl. 185, 77 P.2d 44; Starr Coal Co. v. Evans, 199 Okl. 342, 184 P.2d 638; Clyde's Auto Salvage & Coal Operators Cas. Co. v. Hughes, 204 Okl. 467, 231 P.2d 356.

In Starr Coal Co. v. Evans, supra [199 Okl. 342, 184 P.2d 640] it appears that an employee filed a claim for compensation against Starr Coal Company to recover compensation for injury to his right eye; that prior thereto as a result of a fire which destroyed his house he sustained a 50 per cent loss of vision in each eye; that he had a 75 per cent loss of use of his right hand and a 35 per cent loss of use of the left hand. It was contended in that case by Starr Coal Company that by reason of these prior injuries the employee was permanently totally disabled before he sustained his last injury for which compensation was sought against it. In denying this contention we said:

"Petitioner also contends that by reason of respondent's prior injury he was totally permanently disabled within the meaning of the Workmen's Compensation Act and he could not therefore recover compensation because of a future injury. This contention cannot be sustained. The evidence discloses that notwithstanding respondent's previous injury he was still able to perform and did satisfactorily perform manual labor. His earning capacity was not entirely destroyed by reason of his prior injury. Such earning capacity as he still had was further impaired by his present injury. He was therefore entitled to recover compensation by reason of such injury notwithstanding the previous injury. 85 O.S.1941 § 22, subd. 6."

What is there said applies here.

The Fund further contends that since claimant prior to the time he sustained his last injury was totally blind in his right eye, as the result of an accidental injury sustained in 1956, and that as a result of a cataract the vision in his left eye was reduced to 20–200, he was industrially blind in that eye and was therefore permanently totally disabled within the meaning of the Workmen's Compensation Law, 85 O.S.1951 § 22.

The Statute in this respect provides:

"* * * loss of both hands, or both feet, * * * or both eyes, or any two thereof, shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. * * *"

We think the evidence of claimant heretofore referred to conclusively establishes that notwithstanding his prior injuries, including the injuries to his eyes, he was not permanently totally disabled but was still able to follow his usual occupation as a miner and did satisfactorily perform such work and drew his full wages therefor until he sustained his last injury on February 4, 1958.

The Fund further contends that the findings of the State Industrial Commission are insufficient to authorize an award as against it and in this respect it asserts that the trial judge's failure to combine claimant's prior injuries to the body as a whole and to find the percentage of disability sustained by reason of such prior injuries constitute reversible error. We think the Fund's contention would be correct if the Commission had found that claimant as a result of his combined injuries sustained a disability less than permanent total, but we do not think its contention can be sustained in this case since the Commission found that as a result of his combined injuries he was permanently totally disabled for the reason that if claimant's combined injuries had resulted in a disability less than permanent total it would have been necessary, in order to arrive at compensation to be awarded against the Fund, to deduct from compensation allowable for claimant's combined injuries compensation allowable disability to the body as a whole due to his prior injuries. No

such deduction is required where claimant's combined injuries result in permanent total disability. See Special Indemnity Fund **v.** Long, Okl., 281 P.2d 933, and cited cases.

The findings of the Commission are not otherwise challenged. We conclude the evidence is sufficient to support the award.

Award sustained.

WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD and BERRY, JJ., concur.

JACKSON and IRWIN, JJ., dissent.