SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Wylie-Stewart Machinery Co., and Employers' Liability Assurance Corporation, Ltd., Petitioners,

v.

Lawson C. MAYO and the State Industrial Court, Respondents.

No. 38515.

Supreme Court of Oklahoma.

May 3, 1960.

Mont R. Powell, Jack Baird, Fisher & O'Toole, Oklahoma City, for petitioners.

Spencer W. Lynn, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Lawson C. Mayo, employee-claimant, admittedly sustained on May 26, 1958, an accidental personal injury while in the scope of his employment with Wylie-Stewart Machinery Company, hereinafter called company or employer. In his claim for compensation he alleged to be a physically impaired person by reason of pre-existing disabilities, and sought to recover against the employer and the Special Indemnity Fund. After a hearing participated in by all parties the trial judge found: (a) before receiving his injury on May 26, 1958, claimant was a physically impaired person due to disabilities previously adjudged and determined, and as a result of the combina-

tion of all the prior injuries he had 80 per centum permanent partial disability to the body as a whole; (b) claimant suffered additional 10 per centum permanent partial disability to the body as a whole on May 26, 1958, as a result of his last accidental injury, standing alone, for which he was entitled to statutory amount of compensation from the employer; (c) the pre-existing impairments in combination with the injury on May 26, 1958, rendered claimant permanently totally disabled; he was entitled to an award against the Special Indemnity Fund in the sum of $15,000 (for 500 weeks at the rate of $30 a week), less $1,785.83 (the total amount of temporary and permanent compensation allowed against the employer, Wylie-Stewart Machinery Company), or a total of $13,214.17.

The award of the trial judge based on the findings as outlined was affirmed on appeal by the State Industrial Court, en banc.

The Fund brings the cause before this Court to obtain a review of the award. The employer, Wylie-Stewart Machinery Company and Employers' Liability Assurance Corporation, Ltd., its insurance carrier, are made parties to the proceeding. No brief was filed on behalf of the Fund which adopted the contentions advanced by the employer. In a single proposition it is urged that the State Industrial Court was without authority to enter an award inasmuch as medical evidence disclosed claimant was permanently totally disabled prior to the last injury on May 26, 1958, Special Indemnity Fund v. Prewitt, 201 Okl. 308, 205 P.2d 306.

Undisputed proof in the record reveals a lengthy history of multiple pre-existing impairments: (a) claimant receives a pension from the Veterans Administration for 30 per centum service-connected disability due to a kidney infection; (b) on February 3, 1955, while employed by a transport company, he suffered an industrial injury to his head, neck and arm for which he obtained an award for 25 per centum per-

manent partial disability to the body as a whole; (c) on July 28, 1955, he sustained a severe accidental injury to the back consisting of a ruptured disc which required a laminectomy. A sizeable award for permanent partial disability was entered in his favor in New Mexico; (d) in 1956 he received another industrial injury to the upper portion of his back which also aggravated' the previous condition and resulted in an award for permanent partial disability of 25 per centum to the body as a whole; (e) in July 1957, claimant suffered an injury to the low back. He received an award for 10 per centum permanent partial disability to the body as a whole; (f) the last accident occurred on May 26, 1958, and resulted in injury to his neck, shoulders and head.

Claimant originally sought to recover against the Fund after receiving an award for the preceding injury of July 1957, which, he maintained at the time, in combination with all of his pre-existing impairments, as outlined, had rendered him permanently totally disabled. The issue was then determined adversely to him. The order denying recovery against the Fund was affirmed by the State Industrial Court, en banc. The instant proceeding was commenced following claimant's last injury on May 26, 1958.

Prior to the last accident, the record discloses, claimant was engaged by the employer following a period of convalescence from the preceding injury which lasted several months. He was earning $1.25 per hour and satisfactorily performed "light work" consisting of cleaning machinery equipment preparatory to painting. Dr. G, a neutral examiner, testified that although virtually unfit before the last injury for "full unrestricted labor", claimant was neverthless capable of performing work "lighter than ordinary manual labor." Following the accident of May 26, 1958, Dr. G stated, his condition was such that there no longer was any work "light enough" which he could do. As a result of the last injury standing alone, the physician continued, he suffered additional 5 per centum

permanent partial disability to the body as a whole.

Dr. H, (an expert witness for the employee) after making due allowance for interim amelioration evaluated the condition prior to the last accident at approximately 80 per centum permanent partial disability to the body as a whole, and at 20 per centum due to the injury of May 26, 1958, standing alone. All the prior injuries combined with the latter, the physician followed, had rendered claimant permanently totally disabled.

It is not amiss to note that the two physicians who gave testimony for the Fund both stated claimant, before his last accident, had considerably less than total permanent disability.

The record, viewed in its entirety, amply shows employee possessed a modicum or residuum of capacity to engage in gainful occupation prior to sustaining the last specific injury for which compensation was awarded.

█ Under the Workmen's Compensation Law, 85 O.S.1951 § 22, par. 6, a disability cannot be ordinarily classified as total where the earning power of the workman is not wholly destroyed and there remains some capacity to perform remunerative employment without material discomfort or pain. Oklahoma Gas & Electric Co. v. Hardy, 179 Okl. 624, 67 P.2d 445; Dierks Lumber & Coal Co. v. Lindley, 182 Okl. 185, 77 P.2d 44; Starr Coal Co. v. Evans, 199 Okl. 342, 184 P.2d 638; Clyde's Auto Salvage & Coal Operators Cas. Co. v. Hughes, 204 Okl. 467, 231 P.2d 356; Special Indemnity Fund v. Long, Okl., 281 P.2d 933.

In Starr Coal Co. v. Evans, supra [199 Okl. 342, 184 P.2d 640] we said:

"Petitioner also contends that by reason of respondent's prior injury he was totally permanently disabled within the meaning of the Workmen's Compensation Act and he could not therefore recover compensation because of a future injury. This contention cannot be sustained. The evidence discloses

that notwithstanding respondent's previous injury he was still able to perform and did satisfactorily perform manual labor. His earning capacity was not entirely destroyed by reason of his prior injury. Such earning capacity as he still had was further impaired by his present injury. He was therefore entitled to recover compensation by reason of such injury notwithstanding the previous injury. 85 O.S.1941, § 22, subd. 6."

We followed the above case in Special Indemnity Fund v. Gentile, Okl., 350 P.2d 306.

█ The record reveals claimant was still able to, and did, without injury or danger to his health, perform manual labor required in his work for the company. Whatever modicum of capacity for gainful employment he then possessed, was thereafter completely destroyed by the ultimate injury. Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.

WELCH and IRWIN, JJ., dissent.

IRWIN, Justice (dissenting).

This appeal involves a rather unique proposition. Briefly stated, claimant had received prior to the last injury, for previous and separate permanent injuries, compensation benefits in excess of that provided by statute for total and permanent disability. Four months prior to the injury complained of, in a proceeding against the Special Indemnity Fund, claimant testified and submitted medical reports that he was unable to perform any kind of manual labor, and that he was totally and permanently disabled. In my opinion, the determinative issue involved in this appeal is whether or not there is sufficient evidence to sustain the finding by the State Industrial Commission that claimant was a "physically impaired person" as defined by Title 85 O.S.1951, § 171, and entitled to proceed against the Special Indemnity Fund for total and permanent disability.

Prior to the injury of May 26, 1958, claimant had received $16,500 in Workmen's Compensation benefits for four separate permanent injuries sustained since 1955. By combining the injuries of May 26, 1958, with the previous disabilities for which claimant had already received $16,500, the Commission found claimant to be totally and permanently disabled to do ordinary manual labor and entered an award against the Special Indemnity Fund for compensation for 500 weeks, or $15,000, less $1,785.83 previously paid claimant by his employer and insurance carrier for the injury of May 26, 1958.

Whether a claimant is a physically impaired person is a question of fact to be determined by the Commission from all the evidence before it. Special Indemnity Fund v. Dickinson, 208 Okl. 39, 253 P.2d 161. However, the question as to whether an employee is a "physically impaired person" is a jurisdictional question and this Court is not bound to accept the findings of the Commission but will consider and weigh the evidence and make its own independent findings as to such question. Special Indemnity Fund v. Smith, 206 Okl. 185, 242 P.2d 159. In my opinion, the evidence does not sustain the findings by the Commission that claimant was a "physically impaired person" when he sustained the injury of May 26, 1958, but was a totally and permanently disabled person on that date, even though he may have been employed.

The record discloses claimant has a 30% service connected disability. He has already received compensation benefits in the sum of $16,500 for four separate permanent injuries. The undisputed medical evidence and claimant's own admissions disclose he was permanently and totally disabled prior to the injury of May 26, 1958. On January 28, 1958, in a proceeding against the Special Indemnity Fund for total and permanent disability, his attorney asked him, "In your opinion, are you able to perform ordinary work, or any kind of manual labor?" The claimant answered, "No Sir." In addition to his own testimony claimant present-

ed a medical report stating he was totally and permanently disabled. The Special Indemnity Fund defended the action on the ground that injuries were not combinable with the previous disabilities. The Commission, in denying the award on March 10, 1958, did not find claimant was not totally and permanently disabled, but found, "That claimant *is not totally and permanently disabled* for the performance of ordinary manual labor *by reason of the injuries alleged herein, and the injuries alleged are not combinable* against the Special Indemnity Fund, and therefore claimant is not entitled to an order against the Special Indemnity Fund."

In the hearing which forms the basis for this appeal, claimant testified that he had worked about a week before he sustained his injuries on May 26, 1958. He further testified that he had told the foreman that he would have to do light work for he couldn't do anything that called for any lifting. Although the claimant was employed, the work he was able to perform was very limited.

Under the terms of the Workmen's Compensation Act and our construction placed thereon, in my opinion, the evidence conclusively discloses that claimant was a totally and permanently disabled person when he sustained his injury on May 26, 1958. The order awards claimant compensation benefits for the reason he is totally and permanently disabled and unable to perform ordinary labor now, when by claimant's own testimony, he was unable to perform any kind of manual labor four months before the accident and was totally and permanently disabled.

The Workmen's Compensation Act should be liberally construed in favor of an employee. However, this Court has not heretofore considered a claim for total and permanent disability where the claimant had already received more compensation benefits than provided by statute for total and permanent disabled employees. If an injured employee is entitled to maximum benefits twice for disabilities, there is no reason why such an employee would not also be entitled to receive maximum benefits three times or any number of times. Such a construction would lead to absurdities and was certainly not contemplated in the enactment, nor does the act so provide.

The majority opinion establishes a precedent that an employee who has received compensation benefits in excess of that prescribed by statute for total and permanent disabilities is not precluded from reasserting a claim for total and permanent disability as a result of a subsequent injury. If such be the law, since the burden is upon the claimant to establish that he is a "physically impaired person", the burden is also upon the claimant to establish that he is not totally and permanently disabled where he has previously received compensation in excess of the statutory provision for permanent and total disabilities.

In the case at bar, four months prior to the injury complained of herein, in a proceeding against the Special Indemnity Fund for total and permanent disability, claimant testified and produced a medical report that he was totally and permanently disabled. Now, in a proceeding for compensation for a subsequent injury suffered four months later, claimant refutes his previous testimony and disclaims the medical report introduced by him. The burden should not be upon the Special Indemnity to sustain the allegations and admissions previously made by the claimant but the burden should be upon claimant to establish that his previous testimony was incorrect and the medical report inaccurate.

In my opinion, the evidence conclusively discloses claimant was a totally disabled person as a result of his previous injuries, and was not a "physically impaired person" as defined by statute when he received the injury of May 26, 1958.

I therefore respectfully dissent to the opinion promulgated by the majority of my associates.