2001 OK 74

AMERICAN AIRLINES, and Insurance Company of Pennsylvania, Petitioners,

v.

Dale K. HERVEY and the Workers' Compensation Court, · Respondents.

No. 94,628.

Supreme Court of Oklahoma.

Sept. 18, 2001.

Andrew D. Downing, Kimberly E. West, Tulsa, OK, for petitioners.

Eddie L. Carr, Jack D. Crews, Tulsa, OK, for respondents.

BOUDREAU, Justice:

¶ 1 This is a review proceeding from an order of the Workers' Compensation Court making an award for permanent partial disability and denying a credit for overpayment of temporary total disability compensation. At issue is the three—judge panel's finding of fact that Dale K. Hervey was temporarily and totally disabled from November 4, 1998 to May 5, 1999, because he was unable to return to work for American Airlines, notwithstanding his ability to continue to work at his other side job. We conclude that the three—judge panel's finding is contrary to law. We vacate the opinion of the Court of Civil Appeals and the order of the three—judge panel and remand this case for further proceedings consistent with this opinion.

## I. Background

¶ 2 On April 15, 1998, Dale K. Hervey (claimant) injured his shoulders when he fell some twelve to fourteen feet from a ladder onto a metal grating. At the time of the injury, claimant was working for American Airlines (employer) as an aircraft cleaner. Employer did not dispute that claimant's injury was accidental and work related. Employer commenced payment of temporary total disability (TTD) compensation as of November 4, 1998, without an order of the court.

¶ 3 As a result of the work—related injury, claimant underwent surgery on his left shoulder in September, 1998, and his right shoulder in December, 1998. Claimant's treating physician released him to return to light—duty work in May, 1999, but employer did not have a light—duty assignment for claimant. In June, 1999, claimant's physician released him to return to work with permanent restrictions against any overhead work and any lifting of more than fifty pounds.

¶ 4 At trial on the permanent disability claim, employer sought a credit for overpayment of TTD compensation from November 4, 1998 through May 11, 1999, because claimant worked as a child counselor during the time he received TTD compensation. Claimant admitted that he worked at Christopher Youth Center on a part—time, on—call basis during the time he received TTD compensation.

¶ 5 Claimant testified that he has a bachelor's degree in education and that he worked a second job as a child counselor at Christopher Youth Center for the past nine years. His duties at the youth center, counseling and supervising children, were not physically strenuous. In addition to his full—time job as an aircraft cleaner with employer, claimant worked from eight to twenty or more hours per week at the youth center.

¶ 6 Claimant testified that he was able to continue to work at the youth center while he recovered from his injury at American Airlines and that he worked all the hours that were available to him. The trial judge admitted records of the hours claimant worked at the youth center after the work-related injury. The time records reflect that claimant worked at the youth center from eight to more than forty hours a week after his work-related injury.

¶ 7 The trial judge also admitted medical reports offered by the parties. On the issue of TTD, claimant's evaluating physician opined that claimant was TTD from April 15, 1998 to May 12, 1999. Employer's evaluating physician stated that he had no opinion on TTD except that claimant was not TTD on May 25, 1999, when the physician examined claimant.

¶ 8 On the issue of the credit for overpayment of TTD, the trial judge found that

claimant was TTD a total of eight weeks from November 4, 1998 to December 1, 1998, and from April 15, 1999 to May 11, 1999. He determined the employer was entitled to· a credit for all TTD benefits paid during all other periods. The trial judge found employer overpaid TTD compensation from December 1, 1998 to April 15, 1999, and allowed a credit for the full amount of $6,360.88 paid during that time period.

¶ 9 Claimant appealed the credit for overpayment of TTD to a three—judge panel. The panel vacated the TTD portion of the trial judge's order, substituting the following:

> THAT the respondent's request for overpayment of temporary total disability from DECEMBER 1, 1998 to APRIL 15, 1999 is hereby DENIED for the reason that the claimant was unable to return [to] gainful employment with the respondent while under active medical treatment for his job related injury, notwithstanding his ability to work at his other side job.

¶ 10 Employer sought appellate—court review. The Court of Civil Appeals sustained the Workers' Compensation Court order as modified by the three—judge panel. Employer petitioned for certiorari review arguing that the three—judge panel misconstrued the legal definition of temporary total disability. This Court granted employer's petition for writ of certiorari.

1. *Drumright Feed Co. v. Hunt,* 1923 OK 523, 90 Okla. 277, 217 P. 491; and National *Union Fire Insurance Co. v. A.A.R. Western Skyways, Inc.,* 1989 OK 157, 784 P.2d 52.

2. *Neil Acquisition v. Wingrod Investment Corporation,* 1996 OK 125, ¶ 5, 932 P.2d 1100, 1103.

3. *Kluver v. Weatherford Hospital Authority,* 1993 OK 85, 859 P.2d 1081, 1084.

4. *Rialto Lead & Zinc Co. v. State Industrial Commission,* 1925 OK 788, 112 Okla. 101, 240 P. 96, 98, 44 A.L.R. 494; *Galey & Molloy v. Belt,* 1940 OK 271, 187 Okla. 318, 102 P.2d 868; *Bama Pie, Inc. v. Roberts,* 565 P.2d at 34; and *Farm Fresh, Inc. v. Bucek,* 1995 OK 44, 895 P.2d 719, 722.

5. *Farm Fresh, Inc. v. Bucek,* 895 P.2d at 722, footnote 8. The schedule of compensation and limitations thereon are set forth in *85 O.S.Supp. 2000, 22,* which reads in pertinent part:

> The following schedule of compensation is hereby established:
> ...
> 2. Temporary Total Disability ...

## II. Standard of Review

¶ 11 This controversy concerning the meaning of temporary total disability in the statutory schedule of workers' compensation benefits presents a question of law.[1] Questions of law are reviewable by a de novo standard.[2] Under this standard, we have plenary, independent and non—deferential authority to determine whether the trial court erred in its legal rulings.[3]

## III. The three-judge panel erred as a matter of law when it determined that the claimant's employment during the healing period did not disqualify him from temporary total disability compensation.

¶ 12 From its inception, the purpose of temporary disability compensation has been, and is, to replace wages lost during the healing period.[4] Under our statutory schedule of compensation, an injured worker who has no earning capacity after the injury is entitled to temporary total disability benefits to replace the total loss of wages and an injured worker with some earning capacity after the injury is entitled to temporary partial disability benefits to replace the partial loss of wages, for the time period allowed by the statute.[5] Total absence or partial ab-

> (b) With respect to injuries occurring on or after November 4, 1994, in cases of temporary total disability, seventy percent (70%) of the employee's average weekly wages shall be paid to the employee during the continuance thereof, ...
> (c) With respect to injuries occurring on or after November 1, 1997, total payments of compensation for temporary total disability may not exceed a maximum of one hundred fifty-six (156) weeks in the aggregate....
> 4. Temporary Partial Disability ...
> (b) With respect to injuries occurring on or after November 4, 1994, in case of temporary partial disability, except the particular cases mentioned in paragraph 3 of this section, an injured employee shall receive seventy percent (70%) of the difference between the employee's average weekly wages and the employee's wage-earning capacity thereafter in the same employment or otherwise, ...
> 5. Notwithstanding any other section of the Workers' Compensation Act, temporary disability shall be payable without an award by the Court. The first payment of temporary disability compensation shall become due on

sence of earning capacity depends on the degree of loss or impairment of physical function as a result of the work-related injury during the healing period.

¶ 13 Temporary disability compensation to replace the loss of wages during the healing period is a blend of two elements.[6] The first element is incapacity or loss of function in the physical or medical sense that is established by medical evidence.[7] An award of temporary disability compensation will be vacated in the absence of supporting medical evidence.[8]

¶ 14 The second element is the inability to earn wages that is normally demonstrated by nonmedical evidence touching upon claimant's employment situation. Ordinarily an incapacity for work cannot be classified as total under our workers' compensation law if the earning power of the employee is not wholly destroyed and the capacity to perform remunerative employment remains.[9] A claimant who is gainfully employed, or who is able to work, is not entitled to temporary total disability compensation.[10]

¶ 15 The uncontroverted evidence establishes that claimant continuously engaged in substantially gainful employment from December 1, 1998 to April 15, 1999. Because claimant performed such remunerative employment during this period, he did not qualify for temporary total disability compensation. The three-judge panel erred when it held otherwise.

## IV. An injured worker who engages in substantially gainful employment during the healing period may still be entitled to temporary partial disability compensation.

¶ 16 Temporary disability benefits do not automatically cease merely because the injured worker engages in gainful employment during the healing period.[11] An injured worker may be compensated for partial disability during the healing period.[12]

¶ 17 Temporary partial disability (TPD) pertains to that time during the healing period when the injured worker has some capacity to work.[13] The statutory schedule

the tenth day after the employer has received notice of injury ...
6. Limitation .... the compensation received, as provided for temporary partial disability, shall not, when added to the wages received by such employee after such injury, amount to a greater sum than eighty percent (80%) of the average weekly wages of the employee received prior to said injury....
Although claimant's injury occurred in 1998, this opinion references the most current version of the workers' compensation statutes unless an earlier version is controlling.

6.  Larson's Workers' Compensation Law, vol.4, ch.80, § 80.02. *See also, Roberts v. Matrix Services, Inc.*, 1993 OK 148, 863 P.2d 1242, 1245 (Permanent total disability award must be based upon findings of physical disability and inability to earn wages.).

7.  Under our compensation statutes, physical disability to continue to work after the injury is determined by medical physicians, subject to challenge by any party. *85 O.S.Supp.2000, 14.*

8.  *Bama Pie, Inc. v. Roberts*, 565 P.2d at 34.

9.  *Pine v. Nowlin*, 1931 OK 717, 153 Okla. 111, 5 P.2d 118. In permanent total disability cases, we have said that a disability is not total where the earning power is not total where the capacity to perform remunerative employ-

ment remains. *Special Indemnity Fund v. Stockton*, 1982 OK 119, 653 P.2d 194; *Special Indemnity Fund v. Gentile*, 1960 OK 51, 350 P.2d 306; and, *Oklahoma Gas & Electric v. Hardy*, 1937 OK 178, 179 Okla. 624, 67 P.2d 445. Because temporary disability compensation and permanent total disability compensation are disability-based, wage-replacement benefits, *Farm Fresh, Inc. v. Bucek*, 895 P.2d at 722, permanent total disability rules touching on the "inability to earn wages" are instructive herein.

10.  *Magnolia Petroleum Co. v. Johns*, 1932 OK 808, 160 Okla. 221, 16 P.2d 858; and *Wood Oil Co. v. Wright*, 1941 OK 213, 189 Okla. 260, 116 P.2d 707 *(TTD benefits not allowed where injured worker is earning livelihood and receiving wages in a substantial amount.).*

11.  Usually a work-related injury is followed by a period of healing, that time period after the injury and before the worker reaches complete recovery or maximum medical improvement as explained in *Gray v. Natkin Contracting*, 2001 OK 73, ¶ 12, —— P.3d —— (Okl.2001) handed-down contemporaneously with this opinion.

12.  85 O.S.Supp.2000, § 22(4).

13.  *Farm Fresh, Inc. v. Bucek*, 895 P.2d at 722, footnote 8; and *Orman v. Capitol Steel and Iron Co.*, 1955 OK 300, 289 P.2d 375, 377.

provides for TPD compensation at the rate of "seventy percent (70%) of the *difference* between the employee's average weekly wages and the employee's wage-earning capacity thereafter *in the same employment or otherwise* ".[14] Accordingly, the evidence may establish that an injured worker who engages in substantially gainful employment during the healing period is still entitled to TPD compensation.

**V. In calculating the credit for overpayment of temporary total disability benefits due employer, the Workers' Compensation Court should have determined whether the injured worker was entitled to temporary partial disability benefits for those times during the healing period that the injured worker engaged in substantially gainful employment.**

¶ 18 When an employer makes compensation payments to an injured worker during the period of temporary disability in excess of the amount provided by statute, the employer is entitled to a credit against the award for permanent partial disability in an amount sufficient to offset the overpayment.[15] An employer may seek to demonstrate that it overpaid temporary disability benefits because the injured worker engaged in gainful employment during the healing period. The burden of proof rests upon the employer claiming the credit to establish the overpayment of temporary disability compensation and the amount of the overpayment.[16]

¶ 19 An injured worker who engages in substantially gainful employment during the healing period may be entitled to TPD compensation during all or part of the healing period, even though that worker does not qualify for TTD compensation. In calculating the amount of the credit due an employer when an injured worker engages in substantially gainful employment during the healing period, the Workers' Compensation Court must determine whether the worker was eligible for TPD benefits for all or any part of the period.[17] If so, the court must then calculate the amount of the benefit to which the worker was entitled for those periods. Without calculating the amount of all temporary disability benefits, TTD and TPD, to which the worker was entitled, the court cannot determine the amount of overpayment.

¶ 20 In ruling on the claimed credit in the instant case, the Workers' Compensation Court correctly concluded that claimant did not qualify for TTD compensation from December 1, 1998 to April 15, 1999, because he engaged in substantially gainful employment during that time. However, the Workers' Compensation Court erroneously concluded that employer was entitled to a credit for the full amount of TTD compensation paid during that time period. The Workers' Compensation Court failed to consider whether the claimant was eligible for TPD compensation during all, or any part, of that time period, although the issue was clearly presented by the evidence. Without a finding on TPD, the Workers' Compensation Court could not accurately determine the total amount of credit, if any, due employer against the award for permanent partial disability.

**VI. Conclusion**

¶ 21 Claimant's temporary disability cannot be classified as total when he engaged in substantially gainful employment during the course of the healing period. Claimant was not entitled to receive temporary total disability compensation from December 1, 1998 to April 15, 1999. However, in ruling on employer's request for credit for an overpayment of temporary total disability

---

14. *85 O.S.Supp.2000, 22* (4)(b).

15. *85 O.S.Supp.2000, 41* (A); Rule 15, Workers' Compensation Court Rules, 85 O.S.Supp.2000, ch.4, app.; and *Don Clawson Drilling Co. v. Finch,* 1954 OK 324, 277 P.2d 127. *See also, Service Pipe Line Co. v. Cargill,* 1955 OK 318, 289 P.2d 961 (Overpayment of temporary disability compensation may be raised by the evidence).

16. *85 O.S.Supp.2000, 1.1* (B).

17. *Richardson v. M & D Freight Lines,* 1957 OK 246, 322 P.2d 192 *(Where the evidence established that claimant was still TPD after the TTD ended, the compensation court should make a finding on the TPD compensation.).*

compensation, the Workers' Compensation Court should have considered whether claimant was entitled to temporary partial disability compensation during the healing period. Accordingly, the Workers' Compensation Court's order must be vacated in part and this case must be remanded. The Workers' Compensation Court is instructed to recalculate the credit due employer in a manner consistent with this opinion and to afford both parties the opportunity to redetermine the end date of TTD and any right claimant may seek to TPD.[18]

¶ 22 **ALL JUSTICES CONCUR.**

18. *Gaines v. Sun Refinery and Marketing,* 1990   OK 33, 790 P.2d 1073.