2009 OK CIV APP 17

**Robert Dale INGRAM, Petitioner,**

v.

**NABORS INDUSTRIES, INC., and The Workers' Compensation Court, Respondents.**

**No. 105001.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 23, 2008.

Certiorari Denied Feb. 2, 2009.

Greg K. Ballard, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Oklahoma, for Respondents.

JANE P. WISEMAN, Judge.

¶1 Claimant, Robert Dale Ingram, seeks review of an order of the Workers' Compensation Court which denied him benefits for temporary total disability for the period of time between his injury and the issuance of his doctor's report finding that he was temporarily totally disabled. The issue on appeal is whether the trial court's order is supported by competent evidence. After reviewing the record and applicable law, we vacate the trial court's order and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2 While employed by Employer, Nabors Industries, Inc., as a floor hand, Claimant suffered an injury to his shoulder on July 20, 2006. He first visited a doctor on August 14, 2006, when he was examined by Randel D. Estep, D.O. Claimant told Dr. Estep that he was "lifting some slips and felt a pain in [his] right shoulder." Dr. Estep recommended an MRI of the shoulder stating, "With this being ongoing pain, I am concerned that there might be some rotator cuff injury." Claimant was not able to complete the MRI because of pain. A second MRI with sedation was attempted, but Claimant was still unable to tolerate the procedure due to pain. In an August 24, 2006, report, Dr. Estep stated, "At this point, I cannot find any objective evidence to indicate that there is a serious injury to the shoulder." Dr. Estep released Claimant back to regular duty that same day. Claimant later testified that, after Dr. Estep released him back to full duty, he returned to work "for a few days and then [he] just couldn't handle it no more." He asked for light duty or some other work, but Employer informed him it did not have any work for him.

¶3 Claimant filed a Form 3 on October 6, 2006, claiming injury to his right shoulder and right hand from the on-the-job accident on July 20, 2006. The parties agreed to allow Claimant to undergo an open MRI, and

Jeffrey S. Coe, Oklahoma City, OK, for Petitioner.

the test was performed on February 26, 2007. The MRI revealed a complete tear in Claimant's rotator cuff.

¶4 On March 29, 2007, Lance E. Rosson, D.O., examined Claimant and found him to be "temporarily totally disabled from his usual occupation, secondary to this job-related injury, and he will continue to be temporarily totally disabled until there is a resolution of his symptoms by additional testing and/or treatment." Claimant had surgery on his right shoulder to repair the tear. Employer stipulated that Claimant sustained a work-related injury and began paying temporary total disability (TTD) benefits from April 2, 2007.

¶5 The trial court found that Claimant sustained an accidental personal injury on July 20, 2006, to his right shoulder and awarded him TTD benefits from February 26, 2007, the date of the open MRI to April 2, 2007, and from April 2, 2007, and continuing for the period of Claimant's TTD, not to exceed 52 weeks. The trial court denied Claimant's request for TTD benefits from August 24, 2006, to February 26, 2007, because "[C]laimant had been released without restrictions from Dr. Estep and under no active medical care." Claimant appeals from the trial court's refusal to award TTD benefits from August 24, 2006, to February 26, 2007.

## STANDARD OF REVIEW

¶6 The question of whether a claimant is entitled to TTD benefits is a question of fact for the Workers' Compensation Court to decide. *B.E. & K. Constr. v. Abbott*, 2002 OK 75, n. 1, 59 P.3d 38. We review questions about a Workers' Compensation Court's findings of fact under the any-competent-evidence standard of review. *Sneed v. McDonnell Douglas*, 1999 OK 84, ¶7, 991 P.2d 1001, 1004. "If supported by competent evidence, the trial court's findings may not be disturbed on review." *Id.*

## ANALYSIS

¶7 Claimant asserts that the trial court erred when it failed to award him TTD benefits from August 24, 2006, to February 26, 2007. There are two elements to tempo-

rary disability compensation. *American Airlines v. Hervey*, 2001 OK 74, ¶13, 33 P.3d 47, 51. We are concerned here with the first element which "is incapacity or loss of function in the physical or medical sense." *AmeriResource Group v. Gibson*, 2008 OK 33, ¶29, 183 P.3d 1006, 1012. This first element must be established by medical evidence. *Id.; see also Hervey*, 2001 OK 74 at ¶13, 33 P.3d at 51. Under Oklahoma's worker's compensation statutes, "physical disability to continue to work after the injury is determined by medical physicians, subject to challenge by any party." *Hervey*, 2001 OK 74 at n. 7, 33 P.3d 47. "An award of temporary disability compensation will be vacated in the absence of supporting medical evidence." *Id.* at ¶13, 33 P.3d at 51. The second element of temporary disability, not under review in this appeal, "is the inability to earn wages that is normally demonstrated by nonmedical evidence touching upon claimant's employment situation." *Id.* at ¶14, 33 P.3d at 51.

¶8 The trial court in its order denied TTD for the period in question, stating as its basis that "[C]laimant had been released without restrictions from Dr. Estep and under no active medical care." Although it is undisputed that Dr. Estep released him and that Claimant received no medical care after Dr. Estep released him until the third successful MRI which resulted in surgery to correct the complete rotator cuff tear to Claimant's right shoulder, these facts alone are not sufficient competent medical evidence on which to base a denial of TTD.

¶9 Title 85 O.S. Supp.2005 § 14(A)(2) of the workers' compensation statutes provides that the treating physician shall notify the employer and employee after the employee "has reached maximum medical improvement and is released from active medical care." Dr. Estep's report does not find that Claimant had reached maximum medical improvement (MMI) when Dr. Estep released him. The record is clear that no other incident causing injury, re-injury, or aggravation of his shoulder injury occurred between August 24, 2006, and February 26, 2007. Despite Dr. Estep's opinion in his report that "an acceptable MRI was not attainable," the record is also clear that the rotator cuff injury was correctly diagnosed once the open MRI was performed on February 26, 2007. The record is silent

as to why Dr. Estep did not order an open MRI after two failed closed MRIs but instead released Claimant to full duty without a finding that he had reached MMI. If Dr. Estep had found that Claimant had reached MMI at the time Dr. Estep released him, the trial court would have had difficulty accepting this conclusion in light of the evidence of the subsequent surgery employed successfully to treat Claimant's injury. There is no indication in the record that Dr. Estep would have released Claimant had he seen the results of the third MRI.

¶10 Title 85 O.S. Supp.2005 § 14 requires the treating physician to notify the parties after MMI is reached and the employee is released from medical care. A release without the necessary finding of MMI does not meet the requirements of this section. Dr. Estep's report does not comply with the requirements of § 14 and fails to establish MMI, the critical medical fact on which Claimant's release must be premised.

> When an order rests on a critical fact that is unsupported by competent evidence adduced before the trial tribunal, (a) it must be vacated on review as unresponsive to the proof developed during the proceedings and (b) the claim must be remanded for proceedings that will ultimately culminate in an order which meets the law's standards for a judicially acceptable decision.

*Hammons v. Oklahoma Fixture Co.*, 2003 OK 7, ¶4, 64 P.3d 1108, 1110 (emphasis omitted). Based on the record before us, the order under review must be vacated and remanded for further proceedings.

## CONCLUSION

¶11 We find that the trial court's order rests on a critical fact unsupported by competent evidence, and the order must be vacated and remanded for further proceedings.

¶12 **VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

GOODMAN, P.J., and FISCHER, J., concur.